# EXHIBIT A

*PERS SERV 12.30.14 MC*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STATE OF CALIFORNIA, a public entity, CALIFORNIA HIGHWAY PATROL, a public entity, [see Additional Parties Attachment]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EDIN S. CASTELLANOS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Francisco County Superior Court<br>400 McAllister Street, Room 103<br>San Francisco, CA 94012 | CASE NUMBER:<br>*(Número del Caso):* **14-543283** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Panos Lagos, Esq. / SBN 61821 / 5032 Woodminster Lane, Oakland, CA, 94602 / 510 530 4078 x 101

| DATE:<br>*(Fecha)* **DEC 1 8 2014** | CLERK OF THE COURT, Clerk, by<br>*(Secretario)* **DAVID W. YUEN** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served **Joseph A. Farrow**

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☒ by personal delivery on *(date):* **12/26/'14   30**

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Castellanos v. State of California, et al. | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

JOSEPH A. FARROW, in his capacity as COMMISSIONER OF THE CALIFORNIA HIGHWAY PATROL, JEREMY J. MAYA (ID #019799), individually and in his capacity as a Peace Officer for the California Highway Patrol, and DOES 1 - 200, jointly and severally

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  LAW OFFICES OF PANOS LAGOS
2  Panos Lagos, Esq. / SBN 61821
   5032 Woodminster Lane
3  Oakland, CA  94602
   (510)530-4078
4  (510)530-4725/FAX
   panoslagos@aol.com

5  LAW OFFICES OF BENNETT M. COHEN
6  Bennett M. Cohen. Esq. / SBN 98065
   1438 Market Street
7  San Francisco. CA 94102
   (415) 864-3246
8  (415) 373-9365/FAX
   bennettmcohen@gmail.com

9  Attorneys for Plaintiff,
   EDIN S. CASTELLANOS
10

**ENDORSED**
**FILED**
Superior Court of California
County of San Francisco

**DEC 1 8 2014**

**CLERK OF THE COURT**
BY: _____ DAVID W. YUEN
                        Deputy Clerk

11          SAN FRANCISCO COUNTY SUPERIOR COURT OF CALIFORNIA

12                        UNLIMITED JURISDICTION

13  EDIN S. CASTELLANOS,                )   Case No. CGC - 1 4 - 5 4 3 2 8 3
                                        )
14              Plaintiff,              )   COMPLAINT FOR DAMAGES FOR
                                        )   VIOLATION OF CIVIL RIGHTS
15  v.                                  )
                                        )   **JURY TRIAL DEMANDED**
16  STATE OF CALIFORNIA, a public entity, )
    CALIFORNIA HIGHWAY PATROL,          )     1. Violation of Civil Rights –
17  a public entity, JOSEPH A. FARROW,  )        42 U.S.C. §1983
    in his capacity as COMMISSIONER OF THE )    2. Violation of Civil Rights –
18  CALIFORNIA HIGHWAY PATROL,          )        42 U.S.C. §1983 -- *Monell*
    JEREMY J. MAYA (ID #019799), individually and )  3. Malicious Prosecution in
19  in his capacity as a Peace Officer for the )       Derogation of Plaintiff's
    California Highway Patrol, and DOES 1 – 200, )     Constitutional Rights Under
20  jointly and severally,              )           the U.S. Constitution
                                        )     4. CA Civil Code §52.1(b) –
21              Defendants.             )        Civil Rights Violations
                                        )     5. 42 U.S.C. §1983 –
22  ―――――――――――――――――――                     Negligent Selection, Training,
                                              Retention, Supervision,
23                                            Investigation, and Discipline

24          Plaintiff, by and through his attorneys, Panos Lagos, Esq., the Law Offices of Panos

25  Lagos, and Bennett M. Cohen, the Law Offices of Bennett M. Cohen, for his Complaint against

26  Defendants, states the following:

27  ///

28  ///

COMPLAINT FOR DAMAGES                                                    - 1 –

*Castellanos v. State of California, et al.*
SFCSC Case No.:

## INTRODUCTION

1.      This is an action for money damages brought pursuant to 42 U.S.C. sections 1983, and 1988, and the First and Fourth Amendments to the United States Constitution against the State of California (hereinafter referred to as the "State"), the State of California Highway Patrol (hereinafter referred to as the "Department"), California Highway Patrol Commissioner Joseph A. Farrow (hereinafter referred to as "Farrow" or "Commissioner Farrow"), California Highway Patrol Officer Jeremy J. Maya (hereinafter referred to as "Maya" or "Officer Maya"), and fictitiously named Defendants (individually, and in their capacities as peace officers and supervisory personnel for the State).

## PARTIES

2.      Plaintiff Edin S. Castellanos (hereinafter referred to as "Plaintiff") is and at all times herein mentioned was a resident of the State.  Plaintiff is a citizen of the United States.

3.      Defendant State is the State of California, and the California Highway Patrol (herein after referred to as "Department") is a duly organized agency of the State. (These two defendants may also hereinafter be referred to jointly as the "State".)  Both entities are public entities as that term is defined in the California Tort Claims Act (Gov't. Code §811.2).

4.      At all times mentioned herein, Defendant Farrow was the Commissioner of the Department and was acting within the course and scope of his office.  This Defendant is sued in his official capacity as the final policymaker charged with the actions of the Department's peace officers.

5.      At all times mentioned herein, Defendants Maya and Does 1 to 200 were employed as peace officers for the Department.  Defendants Maya and Does 1 to 200 are sued individually, and in their capacities as peace officers for the Department.  By engaging in the conduct described herein, Defendants Maya and Does 1 to 200 acted under color of law and in the course and scope of their employment for the Department. By engaging in the conduct described herein, Defendants Maya and Does 1 to 200 exceeded the authority vested in them as peace officers under the United States Constitution and as law enforcement employees of the Department.  At all times mentioned herein, Does 101 to 200 were employed as supervisory

COMPLAINT FOR DAMAGES                                                              -2–

*Castellanos v. State of California, et al.*
SFCSC Case No :

1  personnel in the Department.  Does 101 to 200 are sued individually and in their capacities as

2  supervisory personnel for the Department.  By engaging in the conduct described herein, Does

3  101 to 200 acted under color of law and in the course and scope of their employment for the

4  Department.

5        6.     Plaintiff is ignorant of the true names and capacities of Defendants Does 1 to 200,

6  inclusive, and therefore sues those Defendants by such fictitious names. Plaintiff is informed and

7  believes and thereon alleges that each Doe Defendant so named is responsible in some manner

8  for the injuries and damages suffered by Plaintiff as set forth herein.  Plaintiff will amend this

9  Complaint to state the true names and capacities of Defendants Does 1 through 200, inclusive,

10  when they have been ascertained.

11        7.     At all times herein mentioned each Doe Defendant was the agent or employee of

12  Defendants State and Department, and in doing the things alleged, was acting within the course

13  and scope of such agency or employment, and with the actual or implied permission, consent,

14  authorization, and approval of Defendants State and Department.

15                            **STATEMENT OF FACTS**

16        8.     On January 9, 2013, Officer Maya properly arrested Plaintiff for a DUI.

17        Plaintiff asked for a blood test pursuant to which Maya requested and obtained a

18  phlebotomist to appear at the San Francisco Jail.  After arrival of the phlebotomist, Plaintiff

19  changed his mind and refused the administration of the blood test requested by him.

20        While placing Plaintiff into the holding cell, Maya administered some level of

21  unnecessary force to which Plaintiff **verbally objected** and, following which and while Plaintiff

22  **was still in handcuffs**, Officer Maya needlessly and inappropriately **threw** Plaintiff towards a

23  wall and bench area (in the holding cell) causing him serious physical injuries.  Those injuries

24  include, but are not limited to, a compression fracture of Plaintiff's cervical spine at C5-6, a

25  concussion, bruising and a cut to Plaintiff's head requiring stitches.

26        Officer Maya, in his official written reporting of the incident, knowingly and materially

27  misreported the event.  Officer Maya dishonestly reported his own aforementioned conduct

28  stating that, **"After** I seated Castellanos on the bench, Castellanos **fell** to his left on to the bench"

COMPLAINT FOR DAMAGES                                  - 3 -

*Castellanos v. State of California, et al.*
SFCSC Case No.

1  [emphasis added]. Officer Maya further deliberately and materially misreported Plaintiff's

2  conduct by alleging that Plaintiff had resisted Maya and, thereby, violated Penal Code §148(a).

3       Officer Maya's deliberate and material fabrication of the facts in his official written

4  reporting of the incident was, as intended by Officer Maya, reasonably relied upon by the San

5  Francisco County District Attorney's Office, and caused the criminal prosecution of Plaintiff for

6  the alleged violation of Penal Code §148(a) in *People v. Castellanos*, San Francisco County

7  Superior Court, Docket No.: 13000782. Plaintiff was forced to obtain legal counsel, incur costs

8  and various fees to defend himself against the aforementioned criminal prosecution of him for

9  the falsely-created violation of Penal Code §148(a). On July 30, 2014, Plaintiff was acquitted of

10  the aforementioned criminal charge by a unanimous jury of his peers.

11       Plaintiff committed no crime, did not physically resist, interfere, delay, threaten, or

12  assault any peace officer or employee of the Department on January 9, 2013 (or at any other

13  time).

14       Plaintiff was the subject of a knowingly false, meritless and **retaliatory**[1] criminal

15  prosecution based on deliberately-fabricated evidence by Defendants Maya and as-yet

16  unidentified Doe Defendants.

17       Plaintiff suffered the loss of his Constitutional rights including, but not limited to, the

18  right to due process under the Fourth Amendment, the right to be free from criminal prosecution

19  based upon known and materially false evidence, his right to freedom of speech under the First

20  Amendment, and his rights under California Civil Code §52.1.[2] Plaintiff has timely satisfied his

21  requirements under California Gov't. Code §§910 et seq.

22       Plaintiff suffered mental distress, emotional pain and suffering, costs and attorneys' fees.

23      9.     At all times herein mentioned, Defendants Farrow, Maya and Does 1 to 200 were

24  acting within the course and scope of their employment with the Department and were acting

25  under color of law.

26  ///

27

28

---

[1] Based upon Plaintiff's right to verbally object to Maya's use of unnecessary force (see 3:20-23, supra) and/or to inform Maya of his change of heart in the administration of a blood test.
[2] Plaintiff's claim against Defendants for a violation of Civil Code §52.1 was filed on October 21, 2014 and, to date, no rejection of the claim has been received. By law, therefore, it is deemed rejected.

COMPLAINT FOR DAMAGES                - 4 –

*Castellanos v. State of California, et al.*
SFCSC Case No :

# FIRST CAUSE OF ACTION

## (Violation of Civil Rights – 42 U.S.C. §1983)

### (Against Defendants State, Department, Farrow, Maya and Does 1 to 200)

10. Plaintiff realleges and incorporates by reference paragraphs 1 through 9 of this Complaint.

11. In doing the acts complained of, defendants acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from the use of excessive force, which is guaranteed by the Fourth Amendment to the United States Constitution;

b. The right to be free of unreasonable searches and seizures, and unlawful arrest, as protected by the Fourth Amendment to the United States Constitution;

c. The right to freedom of speech protected by the First Amendment to the United States Constitution;

d. The procedural and substantive due process right to a fair trial under the Fourth and Fourteenth Amendments;

e. The right to be free from malicious prosecution of fabricated criminal charges in derogation of one's Constitutional rights under the Fourth and Fourteenth Amendments.

12. Upon information and belief, the decision of the Department and Officer Maya to create the false criminal charge of the violation of Penal Code §148(a) and to recommend, to the San Francisco County District Attorney's office, criminal charges be filed against Plaintiff (thereby implicating Plaintiff's due process rights to a fair trial under the Fourth and Fourteenth Amendments and the right to be free from malicious prosecution of fabricated criminal charges in derogation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments) was in retaliation for Plaintiff's First Amendment rights to freedom of speech and/or reflected a custom, pattern, practice or policy(ies) as more particularly alleged in ¶16, infra.

Commissioner Farrow implemented a policy within the Department that provided little training or re-training, supervision or control of his officers and subordinates and/or otherwise

reflected an acquiescence in the constitutional deprivation of citizens who were the subject of unnecessary and inappropriate force and/or were the subject of deliberately fabricated charges reflected in the reporting of the Department's officers under circumstances which reflected a reckless and calloused indifference to the rights of citizens in contact with the Department's officers. Commissioner Farrow had prior notice by way of claims and lawsuits of the aforementioned misconduct of his officers which the Commissioner ignored and which reflected a policy so deficient so as to be the moving force of Plaintiff's constitutional violation(s).

13.     Defendant Maya acted maliciously, intentionally, oppressively, willfully, and in conscious disregard of Plaintiff's rights.

14.     As a legal result of Defendants' conduct, Plaintiff suffered injuries and damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Violation of Civil Rights – 42 U.S.C. §1983 -- *Monell*)

### (Against Defendants State, Department, Farrow, Maya and Does 1 to 200)

15.     Plaintiff realleges and incorporates by reference paragraphs 1 through 14 of this Complaint.

16.     Upon information and belief, Defendants State, Department, Farrow, Maya and Does 1 to 200, by and through their supervisory officials and employees, Does 101 to 200, have been given notice on repeated occasions of a pattern of ongoing **specific** constitutional violations and practices by Defendants Maya and Does 1 to 200, and other Department peace officers, **specifically** consisting of the use of unnecessary and excessive force against citizens, false arrests of citizens, and malicious prosecution of citizens based upon fabricated criminal charges including the violation of Penal Code §148(a) and other criminal offenses. **Specifically,** arresting and/or presenting false criminal charges against citizens in violation of and/or in retaliation for the exercise of their First Amendment rights or other unlawful motivation(s), and using excessive and unnecessary force, and inflicting cruel and unusual punishment against citizens such as in Plaintiff's case as set forth above. Notwithstanding said notice, Defendants

COMPLAINT FOR DAMAGES                                                    - 6 –

*Castellanos v. State of California, et al.*

State, Department, Farrow and Does 101 to 200 have demonstrated deliberate indifference to these specific constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued violations reflective of said specific pattern(s) of conduct by Defendants Maya and Does 1 to 200 and other Department peace officers.

The "policy, custom or practice" reflecting a deliberate indifference by Defendants State, Department and Farrow, to the constitutional violations heretofore alleged, in addition to not taking necessary, appropriate or adequate measures to prevent the continued pattern of misconduct alleged herein also includes the "de-facto" policy of the Defendants of **ignoring** the training specifically provided to these Defendant officers and other officers prohibiting the conduct alleged in this complaint, i.e., giving the official and formal training "lip service" to the point where these Defendant officers as well as other Department officers feel free to ignore their training and duties and to abuse the authority provided to them.  It is a policy, custom or practice that "caused" Officer Maya and other officers at the Department to feel free to ignore their duties and responsibilities owed to the citizen public and required per their training and the law.

With respect to the violation of Plaintiff's rights to be free from a meritless criminal prosecution based on fabricated facts, and **upon information and belief**, Defendants State and Department **were** aware of the meritless criminal prosecution filed against Plaintiff in retaliation for the exercise of his First Amendment rights and which violation was **not complete until July 30, 2014** when the Plaintiff was acquitted of the aforementioned charge of violating Penal Code §148(a).  Defendants State and Department had knowledge, for months, of the afore-stated pending constitutional violation and nonetheless approved the remaining Defendants' decision to recommend such criminal proceeding based on fabricated facts, thereby ratifying **that** misconduct.

There existed at the State, Department and with Commissioner Farrow's knowledge, a system, practice, and policy, that permitted in-line officers, following an incident, to create false reports for the purpose of recommending, to the local District Attorneys' offices, criminal charges which reflected material misrepresentations of the incident, in retaliation for the exercise of a civilian's right to freedom of speech as occurred to Plaintiff.

1   In the alternative, a policy, custom, or practice, of the municipality Defendants and

2   Commissioner Farrow included "hurt a person – charge a person," pursuant to which, if an

3   officer wrongly hurts a person; the officer seeks the filing of a criminal charge with the belief that

4   such a filing will prevent the person from suing for their injuries that were wrongfully inflicted by

5   the officer.  Tolerating or condoning "hurt a person – charge a person" encouraged officers to use

6   excessive force or otherwise violate citizens' rights, to otherwise intimidate the victim-citizen

7   and/or **to cover up their own abuse of authority**.

8   In the alternative, a policy, custom, or practice, of the State Defendants and

9   Commissioner Farrow, which not only abused the criminal process for illegitimate ends by

10   encouraging the **falsification** of criminal charges against victims of the individual officers'

11   conduct not in order to see the ends of justice served or to secure a conviction on the falsified

12   charges but in order to improve its position in defense of any civil rights claims brought by

13   victims of its individual officers' wrongful conduct and/or to leverage negotiations in the

14   pending criminal proceedings so as to obtain a plea to a lesser charge to, in part, discourage

15   and/or eliminate some or all of a citizen's civil rights claim.  These Defendants' custom of

16   causing criminal proceedings such as has been alleged in this Complaint is not with the desire to

17   see the ends of justice served but with the aforementioned improper motive(s).

18   17.   The acts of Defendants Maya and Does 1 to 200, as alleged herein, are the direct

19   and legal result of the deliberate indifference and policy and/or practice of Defendants State,

20   Department, Farrow and Does 101 to 200, to violations of the constitutional rights of citizens by

21   Defendants Maya and Does 1 to 200, and other members of the Department.  Defendants State,

22   Department, Farrow and Does 101 to 200 have taken no action to stop the false arrests, false

23   reporting, or the use of excessive force as is the case with the Plaintiff as set forth above and

24   reflected policy(ies), practice(s) and/or custom(s) so deficient (as alleged) so as to be the moving

25   force of Plaintiff's constitutional violation(s).

26   WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

27   ///

28   ///

## THIRD CAUSE OF ACTION

### (Malicious Prosecution in Derogation of Plaintiff's Constitutional Rights Under the
### U.S. Constitution)

#### (As to Defendants State, Department and Maya)

18.     Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of this Complaint.

19.     At all relevant times herein, Defendant Maya was a sworn peace officer of the Department and acted within the scope of his authority and pursuant to his duties as a peace officer for the Department and the State of California.  Officer Maya knowingly caused false criminal charges to be filed against Plaintiff, as part of a pattern of abusing his authority.  Based upon information and belief, Officer Maya, previous to the subject incident, knowingly caused false criminal charges to be filed against other citizens.

20.     Between January 9, 2013 to on or about July 30, 2014, Officer Maya falsely and maliciously **initiated, maintained,** encouraged, facilitated, and **completed** a criminal prosecution of Plaintiff for the untrue-but-claimed violation(s) of Penal Code §148(a) by the San Francisco County District Attorney's Office culminating in **his** perjured testimony in Plaintiff's criminal trial proceeding aforementioned.  Among other things, Officer Maya misrepresented the January 9, 2013 event and its subsequent investigation so as to protect himself from the unlawful **abuse** of his authority as more particularly set forth hereinabove.

21.     Officer Maya fabricated evidence, mislead prosecutors, falsely reported the January 9, 2013 incident and committed perjury with the improper purpose of **procuring** said criminal prosecution, **maintaining** said criminal prosecution, and/or in **completing** the criminal prosecution pursuant to which Plaintiff was seized, arrested, charged, and unsuccessfully tried.  Upon information and belief, Plaintiff further alleges that the motivation for Plaintiff's arrest was in retaliation for Plaintiff's exercise of his First Amendment rights and/or to cover-up his own abuse of authority including the unconstitutional force used upon Plaintiff.

22.     On July 30, 2014, Plaintiff was acquitted of the aforementioned charge of violating Penal Code §148(a).

COMPLAINT FOR DAMAGES                                                            - 9 –

*Castellanos v. State of California, et al.*
SFCSC Case No :

23.    Officer Maya's falsification of the reporting of the incident played a material role in the Plaintiff's arrest for the asserted violation of Penal Code §148(a) and the succeeding criminal prosecution and was in retaliation for Plaintiff's exercise of his First Amendment rights and/or to cover-up his own misconduct, as more particularly set forth in ¶8.

24.    As a legal result of the criminal charges unlawfully instigated by Officer Maya, Plaintiff was damaged by the loss of his Constitutional rights as set forth hereinabove (including his right to due process and equal protection of the law), attorneys fees and related Court expenses while further enduring substantial mental pain and suffering in defending himself within our criminal justice system.

25.    The acts of Officer Maya were willful, wanton, malicious, and oppressive, and were motivated by a desire to harm Plaintiff, and/or by hatred of or by ill-will toward Plaintiff, and/or in retaliation of Plaintiff's First Amendment rights, and/or for the reasons set forth in Paragraph ¶8.  Such acts, therefore, justify an award of punitive damages from Officer Maya who acted maliciously, intentionally, oppressively, willfully, and in conscious disregard of Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION

### (Violation of Civil Rights – California Civil Code §52.1(b))

### (Against Defendants State, Department, Maya and Does 1 to 100)

26.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 17 and 19 – 25 of this Complaint.

27.    The conduct of Defendants State, Department, Maya and Does 1 to 100, as described herein violated California Civil Code §52.1(b) in that Defendants Maya and Does 1 to 100 interfered with Plaintiff's exercise and enjoyment of his rights, under Federal law (see Third Cause of Action.

28.    As a direct and proximate result of said Defendants' violation of Civil Code §52.1(b), Plaintiff suffered violations of his Federal rights, and suffered damages as set forth herein.

COMPLAINT FOR DAMAGES                                                                      - 10 –

*Castellanos v. State of California, et al.*

29.     Defendants State and Department are liable under California Government Code §815.2 for the violation of California Civil Code §52.1(b) committed within the course and scope of Defendant Maya's employment.

30.     In committing the acts alleged above, Defendants, Maya and Does 1 to 100, acted maliciously and/or oppressively, and/or fraudulently, and, by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial against Defendant Maya. No punitive damages are sought against the State or Department.

31.     Plaintiff is entitled to injunctive relief and to an award of reasonable attorney's fees pursuant to Civil Code §52.1(h).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (42 U.S.C. §1983 – Negligent Selection, Training,

### (Retention, Supervision, Investigation, and Discipline)

### (Against Defendants State, Department, Farrow, and Does 101 to 200)

32.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 17 of this Complaint.

33.     Defendants State, Department, Farrow, and Does 101 to 200 have, and, at all times mentioned herein had, a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline Defendant Maya, and Does 1 to 100 herein so as to avoid unreasonable risk of harm to persons.

34.     Said Defendants, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and unlawful practices by Defendant Maya, Does 1 to 100, and other Department officers, as alleged in ¶8-9 and throughout this Complaint.

///
///
///
///

COMPLAINT FOR DAMAGES                                     - 11 –

*Castellanos v. State of California, et al.*

35.     Notwithstanding this notice, Defendants State, Department, Farrow, and Does 101 to 200 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of this pattern of conduct by Department officers and Defendants Maya, and Does 1 to 100.

36.     Said Defendants breached their duty of care to citizens in that they have failed to adequately train Defendants Maya, and Does 1 to 100, and other Department officers, in the proper use of force in the course of their employment. This lack of an adequate supervisory response by Defendants State, Department, Farrow, and Does 101 to 200, and lack of adequate supervisory training, demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing use of excessive force against citizens, and violation of the civil rights of citizens by Maya, and Does 1 to 100.

37.     The wrongful conduct of these Defendants proximately resulted in Plaintiff's suffering and damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## JURY DEMAND

38.     Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1.     General damages;

2.     Special damages according to proof at trial;

3.     Punitive damages against individual Defendants Maya and Does 1 to 200;

4.     Reasonable attorneys' fees pursuant to 42 U.S.C. §1988, California Civil Code §52.1(h);

5.     Costs of suit incurred herein;

6.     Injunctive relief including the continuing pattern of conduct heretofore alleged depriving citizens of their constitutional rights while enforcing those same constitutional rights with respect;

COMPLAINT FOR DAMAGES                                                          - 12 –

*Castellanos v. State of California, et al.*
SECSC Case No.:

1    7.    Such other and further relief as the Court may deem just and proper.

2

3    Dated: December 17, 2014                LAW OFFICES OF PANOS LAGOS

4

5

6                                           Panos Lagos, Esq.
                                            Attorney for Plaintiff,
7                                           EDIN S. CASTELLANOS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES                                            – 13 –

*Castellanos v. State of California, et al.*
SFCSC Case No.:

# EXHIBIT B

1   KAMALA D. HARRIS
    Attorney General of California
2   JOHN P. DEVINE
    Supervising Deputy Attorney General
3   PAUL T. HAMMERNESS
    Deputy Attorney General
4   State Bar No. 90294
    455 Golden Gate Avenue, Suite 11000
5   San Francisco, CA  94102-7004
    Telephone: (415) 703-5520
6   Fax: (415) 703-5480
    E-mail: Paul.Hammerness@doj.ca.gov
7   *Attorneys for Defendants State of California,
    California Highway Patrol, California Highway*
8   *Patrol Commissioner J.A. Farrow, CHP Officer J.J.*
    *Maya*
9

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*
**JAN 16 2015**
Clerk of the Court
BY: MAURA RAMIREZ
            Deputy Clerk

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SAN FRANCISCO

12

13

14   **EDIN CASTELLANOS,**                    Case No. CGC 14-543283

15                          Plaintiff,        **ANSWER TO COMPLAINT; DEMAND
                                              FOR JURY TRIAL**
16          v.

17
     **STATE OF CALIFORNIA,**
18
                           Defendant.
19

20          Defendants State of California, California Highway Patrol, California Highway Patrol

21   Commissioner J.A. Farrow, and CHP Officer J.J. Maya in response to the complaint on file herein

22   admit, deny, and allege as follows:

23          Under the provisions of section 431.30 of the Code of Civil Procedure of the State of

24   California, Defendants deny generally and specifically each and every allegation contained in the

25   Complaint and the whole thereof, and specifically deny that Plaintiff has been damaged in the

26   sum or sums alleged, or in any sum or sums at all, or that Defendants or any agent or employee

27   thereof, committed any wrongful act or omission which caused Plaintiff any injury or damage

28   whatsoever.

                                                  1

1         AS SEPARATE AND AFFIRMATIVE DEFENSES, answering Defendants allege as

2    follows:

3    AFFIRMATIVE DEFENSE NO. 1:

4         The complaint presents no actual controversy or justiciable question which is presently

5    suitable for determination in this court.

6    AFFIRMATIVE DEFENSE NO 2

7         The complaint and each cause of action therein fail to allege facts sufficient to constitute a

8    cause of action.

9    AFFIRMATIVE DEFENSE NO. 3:

10        The complaint and each cause of action therein are uncertain.

11   AFFIRMATIVE DEFENSE NO. 4:

12        The complaint and each cause of action therein fail to allege facts sufficient to state a claim

13   for punitive damages.

14   AFFIRMATIVE DEFENSE NO. 5:

15        Any award for punitive damages herein would result in a deprivation of rights under the

16   Constitutions of the United States and of the State of California in that:

17        1) Defendant(s) would be placed in double jeopardy by being tried twice for the same

18   offense in contravention of the Fifth Amendment;

19        2) The statutes and laws purporting to prescribe criteria for an award for punitive damages

20   are vague in that they are not sufficiently specific to know what conduct will subject one to such

21   penalty;

22        3) Any award of punitive damages herein would violate the due process clauses of the

23   Constitutions of the United States and the State of California in that the standards for setting such

24   damages are void for vagueness and there is no objective standard for limiting the amount of

25   punitive damages;

26        4) Defendant(s) would be required to be a witness in contravention of the Fifth

27   Amendment;

28        5) Such damages would be imposed without proof of guilt beyond a reasonable doubt in

2

1    contravention of the Sixth Amendment;

2         6) Defendant(s) would be deprived of equal protection of the laws in contravention of the

3    Fifth and Fourteenth Amendments in that any award is based in part upon individual wealth or

4    economic status;

5         7) Such award for punitive damages would violate the equal protection clauses of the

6    Constitutions of the United States and the State of California in that it would encourage

7    disproportionate punishment without a rational basis and amount to an arbitrary classification;

8         8) Such damages would amount to excessive fines in contravention of the Eighth

9    Amendment; and

10        9) Defendant(s) would be deprived in other ways of the right to due process of law.

11   By reason of the above premises, the award of punitive damages herein should not be allowed.

12   AFFIRMATIVE DEFENSE NO. 6:

13        The complaint and each cause of action alleged therein are barred by the two-year statute of

14   limitations of Code of Civil Procedure section § 335.1.

15   AFFIRMATIVE DEFENSE NO. 7:

16        Should plaintiff herein recover damages, the amount thereof should be abated, apportioned

17   and reduced to the extent that the negligence of any other person or entity caused or contributed

18   to damages, if any there were.

19   AFFIRMATIVE DEFENSE NO. 8:

20        Any and all alleged happenings and events, damages and injuries, if any there were, were

21   proximately caused and contributed to by the negligence of plaintiff and others, each and all of

22   whom failed to exercise ordinary care at the times and places alleged in the complaint.

23   AFFIRMATIVE DEFENSE NO. 9:

24        The complaint and each cause of action therein are barred because the issues and the

25   incidents that are alleged therein have been previously litigated.  As a result, the same questions

26   cannot be litigated anew in this action.  This action is barred by the doctrines of collateral

27   estoppel and res judicata.

28

Answer to Complaint; Demand for Jury Trial (CGC 14-543283)

AFFIRMATIVE DEFENSE NO. 10:

Defendant(s) owed no duty of care to the plaintiff(s). *Zelig* v. *County of Los Angeles*, 27 Cal.4th 1112, 1131 (2002).

AFFIRMATIVE DEFENSE NO. 11:

At all relevant times, each defendant acted independently and not in association or concert with or as agent or servant of any other defendant, including any sued herein under fictitious names, or of the employees or agents of other defendants.

AFFIRMATIVE DEFENSE NO. 12:

This action was filed and is maintained without reasonable cause and without a good faith belief that there is a justifiable controversy under the facts and law to warrant the filing of the pleading.  As the proceeding arises under the California Tort Claims Act or is for express or implied indemnity or for contribution in a civil action, defendants are entitled to recover costs, including reasonable attorneys' fees, upon prevailing on summary judgment, judgment before presentation of defense evidence, directed verdict, or nonsuit.

AFFIRMATIVE DEFENSE NO. 13:

Pursuant to Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.

AFFIRMATIVE DEFENSE NO. 14:

The action is barred by the doctrines of laches and unreasonable delay in bringing this action.

AFFIRMATIVE DEFENSE NO. 15:

At all relevant times, plaintiff failed to mitigate his injury and damages.

AFFIRMATIVE DEFENSE NO. 16:

There is no basis for imposing vicarious liability on a public entity when its employee is not liable.

AFFIRMATIVE DEFENSE NO. 17:

To the extent that the complaint herein attempts to predicate liability upon any public entity defendant or any agent or employee thereof for purported negligence in retention, hiring,

4

1  employment, training, or supervision of any public employee, liability is barred by Government

2  Code sections 815.2 and 820.2 and *Herndon* v. *County of Marin* (1972) 25 Cal.App.3d 933,

3  935-936, reversed on other grounds by *Sullivan* v. *County of Los Angeles* (1974) 12 Cal.3d 710;

4  by the lack of any duty running to plaintiff(s); by the fact that any such purported act or omission

5  is governed exclusively by statute and is outside the purview of any public employees' authority;

6  and by the failure of any such acts or omissions to be the proximate cause of any injury alleged in

7  the complaint.

8  AFFIRMATIVE DEFENSE NO. 18:

9       There is no respondeat superior liability for public entities under 42 U.S.C.§ 1983 or state

10  law. *Monell* v. *Department of Social Services of the City of New York*, 436 U.S. 658, 690, 56

11  L.Ed.2d 611, 98 S.Ct. 2108 (1978).

12  AFFIRMATIVE DEFENSE NO. 19:

13       Neither the public entity nor any employee within the scope of employment stood in such a

14  special relationship to any person alleged in the complaint so as to give rise to any duty running

15  to any person.

16  AFFIRMATIVE DEFENSE NO. 20:

17       Public entities are not liable for employee torts that occur outside the scope of employment.

18  *Hoff* v. *Vacaville Unified School District*, 19 Cal.4th 925, 932-933 (1998).

19  AFFIRMATIVE DEFENSE NO. 21:

20       Because the complaint is couched in conclusory terms, all affirmative defenses that may be

21  applicable to the within action cannot be fully anticipated.  Accordingly, the right to assert

22  additional affirmative defenses, if and to the extent that such affirmative defenses are applicable,

23  is reserved.

24  AFFIRMATIVE DEFENSE NO. 22:

25       The answering public entity is immune from suit pursuant to Government Code section 815

26  to the extent that the complaint and each cause of action therein attempt to state a cause of action

27  not provided by statute against a public entity.

28

Answer to Complaint; Demand for Jury Trial (CGC 14-543283)

AFFIRMATIVE DEFENSE NO. 23:

There is no liability for injuries, if any there were, caused by independent contractors or third parties.

AFFIRMATIVE DEFENSE NO. 24:

Should a Defendant be found liable to Plaintiff, which liability is expressly denied, any award for past medical expenses can not exceed the amount paid by any third party to Plaintiff's medical providers as full payment for the medication services rendered.  In addition, to the extent Plaintiff's fault caused or contributed to Plaintiff's injury, any award for past medical expenses can be further reduced in accordance with the provisions of Government Code section 985.

AFFIRMATIVE DEFENSE NO. 25:

At the times and places alleged in the complaint, plaintiff willfully and unlawfully used force and violence upon the person of another and provoked the altercation and events alleged in the complaint by unlawful and wrongful conduct.  The force employed, if any, to prevent the continuance of such conduct was reasonable and not excessive.

AFFIRMATIVE DEFENSE NO. 26:

At the times and places alleged in the complaint, plaintiff willfully and unlawfully used force and violence upon the person of another and provoked the altercation and events alleged in the complaint by unlawful and wrongful conduct.  The force employed, if any, to prevent the continuance of such conduct was reasonable and not excessive.

AFFIRMATIVE DEFENSE NO. 27:

The action is barred by the failure to precede the action with a claim as required by Government Code sections 945.4, 911.2, 905.2, and 950.2.

AFFIRMATIVE DEFENSE NO. 28:

If and to the extent that the allegations of the complaint attempt to enlarge upon the facts and contentions set forth in the California Victim Compensation and Government Claims Board claim, if any there was, said complaint fails to state a cause of action and is barred by Government Code sections 905.2, 911.2 and 950.2.

6

AFFIRMATIVE DEFENSE NO. 29:

If and to the extent that any claim was presented to the California Victim Compensation and Government Claims Board, this lawsuit is untimely because it was filed more than six-months after a written notice of rejection of claim was personally delivered or deposited in the mail.  (Gov. Code Section 945.6.)

AFFIRMATIVE DEFENSE NO. 30

The detention or arrest, if any there was, alleged in the complaint was regular and lawful and made in good faith by a peace officer or peace officers acting within the course and scope of authority and with reasonable cause to believe at the time that such action was lawful.

AFFIRMATIVE DEFENSE NO. 31:

Only reasonable force and restraint were used in the incident alleged in the complaint. There is no liability pursuant to Penal Code sections 835 and 835a and Government Code section 815.2.  Plaintiff  knew or should have known that an arrest or detention was being made by peace officers and had a duty to refrain from using force or any weapon to resist any such arrest or detention, and was/were in violation of Penal Code sections 148, 241, 243, 245 and 834a in failing to refrain from assaulting, threatening, battering, obstructing and resisting peace officer(s).

AFFIRMATIVE DEFENSE NO.32:

To the extent that any force was used in making the arrest or detention, if any there was, alleged in the complaint, it was privileged as necessary to effect arrest, to prevent escape, and to overcome resistance.

AFFIRMATIVE DEFENSE NO. 33:

There was reasonable cause to make the detention or arrest, if any there was, alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 34:

The State of California and the California Highway Patrol are not amenable to suit in this court in this action by reason of the Eleventh Amendment of the United States Constitution and because they are not persons suable under 42 United States Code section 1983.

7

1  AFFIRMATIVE DEFENSE NO. 35:

2      Answering defendants will be entitled to reasonable attorney fees and costs of suit upon

3  prevailing within the meaning of 42 United States Code section 1988.

4  AFFIRMATIVE DEFENSE NO. 36:

5      Neither the State of California nor any of its departments is a "person" within the meaning

6  of the Federal Civil Rights Act, 42 United States Code section 1983 et seq.

7  AFFIRMATIVE DEFENSE NO. 37:

8      This court lacks subject matter jurisdiction over the causes of action alleged in the

9  complaint herein because the allegations do not state a cause of action for Constitutional tort, or

10  any cause of action at all.

11  AFFIRMATIVE DEFENSE NO. 38:

12      At all relevant times, defendants exercised due care and acted only in the execution or

13  enforcement of the law.

14  AFFIRMATIVE DEFENSE NO. 39:

15      Answering defendants, at all times relevant herein, acted in a legislative, judicial, quasi-

16  legislative and quasi-judicial capacity and are entitled to absolute and unqualified official

17  immunity.

18  AFFIRMATIVE DEFENSE NO. 40:

19      The complaint herein fails to state facts sufficient to constitute a cause of action in that

20  simple negligence is not a federal civil rights violation.

21  AFFIRMATIVE DEFENSE NO. 41:

22      Answering defendants have not deprived any person of any right, privilege or immunity

23  guaranteed by the Constitution or laws of the United States.  There has been no deprivation of any

24  right, privilege or immunity guaranteed by the laws or Constitution of the United States.

25  AFFIRMATIVE DEFENSE NO. 42:

26      There is no imputed liability between public officers in actions under the Federal Civil

27  Rights Act.

28

8

AFFIRMATIVE DEFENSE NO. 43:

There is no imputed liability between a public officer and the employing public entity in actions under the Federal Civil Rights Act.

AFFIRMATIVE DEFENSE NO. 44:

The claim for punitive damages against public entities such as the State of California is not permitted.

AFFIRMATIVE DEFENSE NO. 45:

Answering defendants are entitled to qualified and official and quasi-judicial immunity. Defendants acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States.  There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law.

AFFIRMATIVE DEFENSE NO. 46:

Insofar as defendants have approved or reviewed determinations and actions of any subordinate, such review and approval was done in a legislative, judicial, or quasi-judicial capacity, within the scope of discretion, with due care, and with a reasonable and good faith belief that such actions were in accordance with the Constitution and laws of the United States.

AFFIRMATIVE DEFENSE NO. 47:

Insofar as defendants have approved or reviewed determinations and actions of any subordinate, such review and approval was done in a legislative, judicial, or quasi-judicial capacity, within the scope of discretion, with due care, and with a reasonable and good faith belief that such actions were in accordance with the Constitution and laws of the United States.

AFFIRMATIVE DEFENSE NO. 48:

There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused.

AFFIRMATIVE DEFENSE NO. 49:

There is no liability in that the acts alleged in the complaint, if done at all, were done in the

9

1   execution and enforcement of the law while exercising due care.

2   AFFIRMATIVE DEFENSE NO. 50:

3       Qualified immunity protects governmental officials performing discretionary functions

4   from liability when their conduct does not violate clearly established statutory or constitutional

5   rights of which a reasonable person would have known. *Harlow* v. *Fitzgerald* (1982) 457 U.S.

6   800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

7       DEMAND FOR JURY TRIAL

8       Defendants hereby request trial by jury. (FRCP 38).

9       WHEREFORE, Defendants pray that:

10      1.  Judgment be rendered in favor of Defendants and against Plaintiff; and

11      2.  Plaintiff take nothing by the Complaint; and

12      3.  Defendants be awarded costs of suit incurred herein; and

13      4.  Defendants be awarded such other and further relief as the Court may deem necessary

14   and proper.

15

Dated:  January 14, 2015                 Respectfully Submitted,
16

17                                       KAMALA D. HARRIS
                                         Attorney General of California
                                         JOHN P. DEVINE
18                                       Supervising Deputy Attorney General

19

20

                                         PAUL T. HAMMERNESS
21                                       Deputy Attorney General
                                         *Attorneys for Defendants State of California,*
22                                       *California Highway Patrol, California Highway*
                                         *Patrol Commissioner J.A. Farrow, CHP Officer*
23   SF2015400035                        *J.J. Maya*
     41179384.doc
24

25

26

27

28

10

Answer to Complaint; Demand for Jury Trial  (CGC 14-543283)