UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIN S. CASTELLANOS,<br><br>            Plaintiff,<br><br>      v.<br><br>JEREMY J. MAYA,<br><br>            Defendant. | Case No. 15-cv-00272-JSW<br><br>**ORDER RESOLVING LETTER BRIEF**<br>Re: Dkt. No. 88 |

The Court has received the parties' joint letter brief, in which Plaintiff seeks to depose a fact witness, Rosario Galvez ("Ms. Galvez"), after the close of discovery. For the reasons set forth in this Order, the Court denies Plaintiff's request. It is undisputed that under the scheduling order issued by this Court, fact discovery closed on January 26, 2016. If the Court construes this as a "discovery" deposition, Plaintiff would be required to show good cause to take the discovery out of time. Fed. R. Civ. P. 16(b)(4).

However, depositions also may be used for non-discovery purposes.[1] Rule 32 permits a party to use a deposition of a witness for any purpose, if a court finds, *inter alia*, the witness "is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition" or finds "on motion and notice, that exceptional circumstances make it desirable--in the interest of justice and with due regard to the importance of live testimony in open court--to permit the deposition to be

---

[1] The Federal Rules of Civil Procedure do not distinguish between depositions taken for purpose of discovery and depositions taken to preserve testimony for trial. *See, e.g.. Integra Lifescienes I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 558 (S.D. Cal. 1999). However, some courts have made distinctions between these two types of depositions. *See, e.g. Mathews v. Denver Newspaper Agency, LLP*, No. 07-cv-02907-WDM-KLM, 2010 WL 112819, at *1 (N.D. Cal. Jan. 15, 2009) (citing cases).

used." Fed. R. Civ. P. 32(b)(4)(B), (E).

At issue in the parties' letter brief is whether Plaintiff should be permitted to depose Ms. Galvez to obtain testimony about when he began to experience neck pain that he claims is a result of the incident that gives rise to this dispute. Fact discovery closed in this case on January 26, 2016. According to Plaintiff, although he identified Ms. Galvez in his initial disclosures, counsel did not interview her until early May 2016. Plaintiff also states that Ms. Galvez is scheduled to leave the country on June 20, 2016, and will be out of the country at the time of trial. Plaintiff claims he was not aware of the significance of Ms. Galvez' testimony until after he received Defendant's medical expert report, in April 2016. Defendant's expert has opined that Plaintiff's medical records show that his neck pain did not begin until approximately three weeks after the incident, which he opines is too remote to conclude the incident caused the pain.

Although Plaintiff identified Ms. Galvez in his initial disclosures, Defendant did not seek to depose her because Plaintiff stated that Ms. Galvez would "attest to Plaintiffs' mental/emotional pain and suffering," rather than physical pain. (Letter Brief at 8, and Def. Ex. A (Plaintiff's Initial Disclosures).) Defendant argues that Plaintiff has not established good cause to take the deposition out of time and argues that he would be prejudiced by this testimony, because it could require him to obtain a further report from his expert. Plaintiff contends that if Ms. Galvez was not leaving the country, he would be calling her as a witness at trial and, thus, Defendant would not be prejudiced. Defendant has responded by arguing that he would object to her testimony at trial on the basis that it is hearsay, cumulative, irrelevant, and more prejudicial than probative.

First, the Court finds that Plaintiff has not shown good cause to take the deposition after the discovery cut-off date. Based on Plaintiff's statement, Plaintiff did not even interview Ms. Galvez until May 2016. Thus, he has not shown any measure of diligence in seeking to determine the nature or substance of her testimony during the time the discovery period was open. In addition, the Court does not find persuasive Plaintiff's argument about what he intended the phrasing of his initial disclosures to mean. The Court agrees with Defendant that the initial disclosure would not clearly have put defendant on notice that Ms. Galvez might have had relevant information about Plaintiff's physical injuries.

Second, although the Court recognizes that a deposition may be used as a vehicle to preserve testimony for trial, at this point Ms. Galvez is not beyond the subpoena power of the Court. In addition, as set forth above, Plaintiff has not shown that he was diligent in seeking to determine what her actual testimony would be. Although Plaintiff may not have procured her unavailability, if he had interviewed her before May of this year, he could have taken steps to ensure she would be available for trial.

In addition the Court concludes that Plaintiff has not shown that "exceptional circumstances" exist that would warrant taking the deposition. Plaintiff's initial disclosures did not adequately put Defendant on notice that Ms. Galvez had this information, which deprived Defendant of the opportunity to take her deposition during the time fact discovery was open. Thus, Defendant also was deprived of the opportunity to present this opportunity to his expert. The Court agrees with Defendant that this testimony would be cumulative and seems likely to consist of inadmissible hearsay. Plaintiff can testify as to when his neck pain began, and Plaintiff has attached documents that he argues corroborates that testimony. Thus, the Court cannot say it would be depriving Plaintiff of the only potential witness who could testify to this issue.

Accordingly, Plaintiff's request to depose Ms. Galvez is DENIED.

**IT IS SO ORDERED.**

Dated: June 10, 2016

_____
JEFFREY S. WHITE
United States District Judge

3