UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIN S. CASTELLANOS,<br>Plaintiff,<br>v.<br>JEREMY J. MAYA,<br>Defendant. | Case No. 15-cv-00272-JSW<br><br>**NOTICE OF TENTATIVE RULING ON DEFENDANT'S MOTION IN LIMINE NO. 1: TO EXCLUDE EVIDENCE RE DAMAGES**<br><br>Re: Dkt. No. 64 |

The Court hereby issues this notice of tentative ruling on Defendant's Motion in Limine No. 1, to exclude evidence or argument of damages based on Plaintiff's failure to comply with Federal Rule of Evidence 26(a)(1)(A)(iii). The Court is **tentatively inclined to grant** this motion as to the calculation of compensatory damages. It also is **tentatively inclined to grant the motion as to** emotional distress damages, to the extent Plaintiff intends to offer a specific figure for emotional distress damages at trial.

With respect to the latter issue, Plaintiff is correct that these types of damages may not be capable of ready calculation. However, if Plaintiff intends to offer a specific dollar amount, he "'presumably has a basis and a means for arriving at the amount'" he seeks. *Mahahraj v. California Bank & Trust,* 288 F.R.D. 458, 464 (E.D. Cal. 2013) (quoting *Sandoval v. Am. Bldg. Maint. Indus., Inc.,* 267 F.R.D. 257, 28 (D. Minn. 2007)). With respect to the issue of compensatory damages, Plaintiff does not dispute that Rule 26(a)(1)(A)(iii) requires him to provide "a computation of each category of damages," he claims. He simply argues that during discovery, and apparently to date, he has not been able to obtain such a calculation.

"Rule 37(c)(1) gives teeth" to the requirements of Rule 26, "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by*

*Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R&R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2011); *accord Baca v. State of California*, 13-cv-02968-SBA, 2016 WL 234399, at 3 (N.D. Cal. Jan. 20, 2016) (citing *Yeti by Molly*, 295 F.3d at 1107).

Plaintiff argues that any failure to provide a calculation of medical expenses is harmless, because Defendant has the documents that set forth costs incurred. In *Baca*, the district court granted a motion to exclude evidence of plaintiff's medical costs, because plaintiff failed to provide a computation of those damages. 2016 WL 234399, at *5. Although the plaintiff argued that the failure was harmless, the court rejected that argument on the basis that "a party cannot avoid its obligation to provide a damage calculation merely by producing records ostensibly containing such information." *Id.*

The Court **tentatively finds** that Plaintiff has not met his burden to show that his failure to provide a computation of compensatory damages or emotional distress damages is either substantially justified or harmless. Under Rule 37(c)(1), that finding normally would preclude Plaintiff from using such evidence at trial. Plaintiff has argued that when a sanctions order is tantamount to a dismissal, the Court must "consider whether the claimed noncompliance involved willfulness, fault, or bad faith, … and also to consider the availability of lesser sanctions." *R&R Sails*, 637 F.3d at 1247.

The parties shall be prepared to address the following questions at the pretrial conference.

1. What is Plaintiff's best argument that exclusion of evidence relating to compensatory damages would be tantamount to dismissal of his claims for relief?

2. What lesser sanctions would Plaintiff propose?

3. Assuming the Court permits Agnes N. Grogan, R.N. to testify, what is Defendant's best argument that her putative testimony and expert report does not provide an adequate computation of compensatory damages?

4. Does Plaintiff intend to offer a specific figure at trial for the amount of emotional distress damages that he claims he is due at trial?

5.    If the answer to this question 4 is yes, what is Plaintiff's best argument that the failure to comply with Rule 26(a)(1)(A)(iii) was substantially justified or is harmless?

Plaintiff shall not file a written response to this tentative ruling. If, however, Plaintiff has additional authorities that he wishes the Court to consider, he may file a notice of additional authorities that sets forth the citations to those authorities with pinpoint citations and without further argument, by June 16, 2016.

**IT IS SO ORDERED.**

Dated: June 13, 2016

_____
JEFFREY S. WHITE
United States District Judge