UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDIN S. CASTELLANOS,

        Plaintiff,

    v.

JEREMY J. MAYA,

        Defendant.

Case No.15-272    JSW

**COURT'S PROPOSED PRELIMINARY JURY INSTRUCTIONS**

      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: You are hereby advised that the following constitute the Court's proposed preliminary jury instructions. Any objections to these instructions, including the order in which they are to be given, shall be due by no later than July 6, 2016.**

## Table of Contents

Duty of Jury ............................................................................................................. 3

Claims and Defenses ............................................................................................... 4

Burden of Proof – Preponderance of the Evidence ................................................ 5

What is Evidence ..................................................................................................... 6

What is Not Evidence .............................................................................................. 7

Evidence for Limited Purpose ................................................................................ 8

Direct and Circumstantial Evidence ....................................................................... 9

Ruling on Objections ............................................................................................. 10

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Credibility of Witnesses ........................................................................................................ 11

Conduct of the Jury ............................................................................................................... 13

No Transcript Available to Jury ............................................................................................ 14

Taking Notes ......................................................................................................................... 15

Questions to Witnesses by Jurors ......................................................................................... 16

Bench Conferences and Recesses ......................................................................................... 17

Outline of Trial ..................................................................................................................... 18

1
2
3
4
5
6
7
8
9
10
11

United States District Court
Northern District of California

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Duty of Jury**

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

**Claims and Defenses**

2          To help you follow the case, I will give you a brief summary of the positions of the parties.

3  The plaintiff claims that his constitutional rights were violated when the defendant allegedly used

4  excessive force upon him.  The plaintiff also claims that the defendant deliberately lied about

5  plaintiff's behavior in his arrest report, causing the plaintiff to be criminally charged with

6  resisting, delaying or obstructing a peace officer in violation of California Penal Code section

7  148(a).  The plaintiff has the burden to prove these claims.

8          The defendant denies those claims and contends that he acted appropriately.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### Burden of Proof – Preponderance of the Evidence

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court
Northern District of California

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.      Anything you may see or hear when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

7

**Evidence for Limited Purpose**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case, if any,

5.   the witness's bias or prejudice, if any;

6.   whether other evidence contradicted the witness's testimony;

7.   the reasonableness of the witness's testimony in light of all the evidence; and

8.   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

The testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating the officer's credibility you should use the same guidelines which you apply to the testimony of any witness.  You should not give either greater or lesser

credence to the testimony of a witness merely because he or she is a law enforcement officer.

United States District Court
Northern District of California

1

**Conduct of the Jury**

2      I will now say a few words about your conduct as jurors.

3      First, keep an open mind throughout the trial, and do not decide what the verdict should be

4  until you and your fellow jurors have completed your deliberations at the end of the case.

5      Second, because you must decide this case based only on the evidence received in the case

6  and on my instructions as to the law that applies, you must not be exposed to any other

7  information about the case or to the issues it involves during the course of your jury duty.  Thus,

8  until the end of the case or unless I tell you otherwise:

9      Do not communicate with anyone in any way and do not let anyone else communicate with

10  you in any way about the merits of the case or anything to do with it.  This includes discussing the

11  case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any

12  Internet chat room, blog, website or other social media.  This applies to communicating with your

13  fellow jurors until I give you the case for deliberation, and it applies to communicating with

14  everyone else including your family members, your employer, the media or press, and the people

15  involved in the trial, although you may notify your family and your employer that you have been

16  seated as a juror in the case.  But, if you are asked or approached in any way about your jury

17  service or anything about this case, you must respond that you have been ordered not to discuss

18  the matter and to report the contact to the court.

19      Because you will receive all the evidence and legal instruction you properly may consider

20  to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary

21  about the case or anything to do with it; do not do any research, such as consulting dictionaries,

22  searching the Internet or using other reference materials; and do not make any investigation or in

23  any other way try to learn about the case on your own.

24      The law requires these restrictions to ensure the parties have a fair trial based on the same

25  evidence that each party has had an opportunity to address.  A juror who violates these restrictions

26  jeopardizes the fairness of these proceedings, and a mistrial could result that would require the

27  entire trial process to start over.  If any juror is exposed to any outside information, please notify

28  the court immediately.

United States District Court
Northern District of California

1

**No Transcript Available to Jury**

2          I urge you to pay close attention to the trial testimony as it is given. During deliberations

3   you will not have a transcript of the trial testimony.

United States District Court
Northern District of California

**Taking Notes**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Questions to Witnesses by Jurors**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness.  You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons.  Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

United States District Court
Northern District of California

**Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Outline of Trial**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

United States District Court
Northern District of California

1

**IT IS SO ORDERED.**

2   Dated: June 14, 2016

3   _____

4   Jeffrey S. White
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28