United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDIN S. CASTELLANOS,

    Plaintiff,

v.

JEREMY J. MAYA,

    Defendant.

Case No. 15-cv-00272-JSW

**ORDER REQUIRING FURTHER BRIEFING ON DEFENDANT'S MOTION IN LIMINE NO. 3**

Re: Dkt. No. 66

Defendant has moved *in limine* to preclude expert testimony or other evidence regarding the value of medical services above the amount actually paid by Plaintiff or on Plaintiff's behalf. In support of this motion, Defendant relies on *Howell v. Hamilton Meats & Provisions, Inc.*, 52 Cal. 4th 541 (2011). In *Howell*, the California Supreme Court held that the collateral source rule "has no bearing on amounts that were included in a provider's bill but for which the plaintiff never incurred liability because the provider, by prior agreement, accepted a lesser amount as full payment. *Such sums are not damages the plaintiff would have otherwise collected from the defendant.*" *Howell*, 52 Cal. 4th at 548-49 (emphasis added); *see also id.* at 563-64 (noting that if plaintiff did not incur full medical bill, "plaintiff could not recover it in damages for economic loss," and "collateral source doctrine does not address the amount of damages that a plaintiff can recover in the first instance"). Defendant does not appear to dispute that the collateral source rule would apply in cases brought pursuant to Section 1983. Rather, he appears to contend that *Howell* *limits the measure of damages* in this case to medical expenses actually incurred by the plaintiff. *Cf. Hill v. Novartis Pharm. Corp.*, 944 F. Supp. 2d 943, 963 (E.D. Cal. 2013) ("*Howell* plainly establishes that the collateral source rule is a substantive rule of *damages* under California law.") (emphasis in original).

"[F]ederal law is silent on the measure of damages in § 1983 actions." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1103 (9th Cir. 2014). Thus, California law will govern "unless it is inconsistent with the policies of § 1983." *Id.* (citing 42 U.S.C. § 1988(a); *Robertson v. Wegmann*, 436 U.S. 584, 589-90 (1978)).[1]

Although the Court is tentatively inclined to grant Defendant's motion *in limine* number one, which may make this motion *in limine* moot, the Court finds that neither party has adequately addressed the issues of whether the rule set forth in *Howell*, whether categorized as a limitation on damages or as a state law application of the collateral source rule would be inconsistent with Section "1983's goals of compensation and deterrence." *Chaudhry*, 751 F.2d at 1103; *see also Gill v. Maciejewski*, 546 F.3d 557, 565 (8thc Cir. 2008) (finding that district court correctly applied "common law collateral source rule instead of" state rule and that "federal law is neither deficient nor unable to provide a suitable remedy" for an excessive force claim).

Accordingly, the parties shall submit simultaneous supplemental briefs addressing those issues by no later than June 22, 2016. The Court reserves ruling on Defendant's motion in limine number 3 pending submission of those briefs.

**IT IS SO ORDERED.**

Dated: June 14, 2016

_____
JEFFREY S. WHITE
United States District Judge

---

[1] In *Chaudhry*, the Ninth Circuit held that "California's prohibition against pre-death pain and suffering damages limits recovery too severely to be consistent with § 1983's deterrence policy. [California Code of Civil Procedure 377.34 therefore does not apply to § 1983 claims where the decedent's death was caused by the violation of federal law." *Id.* at 1105.

2