UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIN S. CASTELLANOS,<br><br>    Plaintiff,<br><br>    v.<br><br>JEREMY J. MAYA,<br><br>    Defendant. | Case No. 15-cv-00272-JSW<br><br>**COURT'S TENTATIVE RULING REGARDING DISPUTED FINAL INSTRUCTION 9.29** |

The Court has considered the parties' briefs regarding disputed final instruction 9.29. The Court is tentatively inclined to give a modified version of Model Instruction 9.29, and it is inclined to base the description of the claim on Defendant's proposed language.

The Court also is inclined to find that a conviction is not an element of the claim based on *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) (the "*Devereaux* claim"). Although Defendant faults Plaintiff for not providing any authority in support of his position that a conviction is not an element, Defendant also has not cited this Court to any cases that address whether a conviction is an element of the claim in the context of a dispute over jury instructions. Defendant has cited to *Gantt v. City of Los Angeles*, 717 F.3d 702 (9th Cir. 2013). Although the Gantt case is a jury instruction case, in that case, the court addressed the district court's instructions on the question of whether the defendant's conduct "shocked the conscience."

Defendant also cites the Court to *Lisker v. City of Los Angeles*, No. CV09-09374, 2013 WL 1276047, at *15, (C.D. Cal. Feb. 3, 2013) The Lisker case also is not a jury instruction case, and although in that case the defendant had been convicted, the court makes no mention of conviction as an element of the claim. It merely states that the use of the allegedly fabricated evidence at trial "likely affected the jury's verdict."  .

The Court is aware that model instruction 9.29 uses the term "convict," and in general the Court is inclined to follow the model instructions as drafted. In *Devereaux*, the Ninth Circuit relied in part to reach its holding on *Pyle v. Kansas*, 317 U.S. 213, 216 (1942). The *Devereaux* court stated that in *Pyle*, the Supreme Court held that "the knowing use by the prosecution of perjured testimony in order to secure a criminal conviction violates the Constitution." *Devereaux*, 263 F.3d at 1075. The Ninth Circuit went on to state that, "[w]hile *Pyle* does not deal specifically with the *bringing* of criminal charges, as opposed to the securing of a conviction, we find that the wrongfulness of charging someone on the basis of deliberately fabricated evidence is sufficiently obvious, and *Pyle* is sufficiently analogous, that the *right to be free from such charges* is a constitutional right." *Id.* (emphasis added).

That proposition was recently reiterated in *Bradford v. Scherschligt*, 803 F.3d 382, 388 (9th Cir. 2015). In *Bradford*, the court stated that the right at issue in "a *Devereaux* claim is the right to be free from criminal charges based on a claim of deliberately fabricated evidence." *Id.* at 388. Although the *Bradford* court was not called upon to consider jury instructions, it stated that "[i]f Bradford's original 1996 trial had resulted in an acquittal, his *Devereaux* claim would have accrued on the date the charges against him were dismissed." *Id.* at 388 (court has emphasized the word acquittal). That language suggests that a conviction is not an element of the claim.

To the extent the Defendant argues that a conviction is required to distinguish a *Devereaux* claim from a malicious prosecution claim, the Court is not persuaded. Rather, it appears that the difference between the two types of claims relates to a defendant's level of culpability on a claim based on a substantive due process violation under the Fourteenth Amendment, which the Court discusses in more detail below.

Accordingly, the Court is inclined to modify the current version of the model instruction as follows: "The defendant, Jeremy Maya, deliberately fabricated evidence that was used to bring criminal charges against plaintiff, Edin Castellanos."

The Court also is inclined to give a modified version of the second paragraph, because that is the factual theory that supports plaintiff's claim. The Court will omit the third paragraph, both

1  because neither party suggests using it and because it does not fit Plaintiff's theory of the case.

2  Finally, the parties have not included the "deliberate indifference" language used in the
3  model instruction. The Court is inclined to use that language. *See Gantt,* 717 F.3d at 707-08
4  ("due process violations under the Fourteenth Amendment occur only when official conduct,
5  shocks the conscience," and stating that "an officer's "deliberate indifference" may suffice to
6  shock the conscience").

7  If the parties wish to submit additional briefing on the Court's tentative ruling on this
8  instruction, they may do so by no later than July 6, 2016.

9  **IT IS SO ORDERED.**

10  Dated: June 16, 2016

11  _____
    JEFFREY S. WHITE
12  United States District Judge