1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    EDIN S. CASTELLANOS,                    Case No.  15-cv-00272-JSW

8              Plaintiff,                    **ORDER GRANTING, IN PART, AND
                                             DENYING, IN PART, DEFENDANT'S**
9         v.                                 **MOTION IN LIMINE ONE AND
                                             INSTRUCTIONS TO PLAINTIFF RE**
10   JEREMY J. MAYA,                         **DR. ELAINE CHIU**

11             Defendant.                    Re: Dkt. No. 64

12

13        Now before the Court is Defendant's Motion in Limine Number One.  The Court has

14   considered the parties' papers, including the supplemental submissions filed after the pre-trial

15   conference, relevant legal authority, and has had the benefit of oral argument.  For the reasons set

16   forth in the remainder of this Order, the Court GRANTS, IN PART, AND DENIES, IN PART

17   Defendant's motion.  Because this ruling does not render Defendant's motion in limine number

18   three moot, the Court will resolve that motion in a separate order.

19        Plaintiff seeks compensatory damages in the form of medical expenses incurred to treat the

20   injuries he claims he suffered as a result of the incident that gives rise to this lawsuit ("the

21   incident").  Plaintiff also seeks emotional distress damages, and the parties have agreed that

22   "Plaintiff is not claiming any mental or emotional injury beyond the normal pain and suffering

23   arising from his neck injury."  (Docket No. 74, Proposed Joint Pretrial Conference Order at 2:17-

24   18.)

25        Defendant now moves to preclude Plaintiff from presenting any evidence or argument

26   relating to damages, including testimony from Agnes Grogan, R.N.  Defendant moves to exclude

27   evidence or argument on damages, based on Plaintiff's failure to comply with Federal Rule of

28

1    Civil Procedure 26.  That rule, provides, in relevant part:

2           Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated
            or ordered by the court, a party must, without awaiting a discovery
3           request, provide to the other parties: … a computation of each
            category of damages claimed by the disclosing party--who must also
4           make available for inspection and copying as under Rule 34 the
            documents or other evidentiary material, unless privileged or
5           protected from disclosure, on which each computation is based,
            including materials bearing on the nature and extent of injuries
6           suffered[.]

7    Fed. R. Civ. P. 26(a)(1)(A)(iii).

8           "Rule 37(c)(1) gives teeth" to the requirements of Rule 26, "by forbidding the use at trial

9    of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by*

10   *Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  "The party facing

11   sanctions bears the burden of proving that its failure to disclose the required information was

12   substantially justified or is harmless."  *R&R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d

13   1240, 1246 (9th Cir. 2011); *accord Baca v. State of California*, 13-cv-02968-SBA, 2016 WL

14   234399, at 3 (N.D. Cal. Jan. 20, 2016) (citing *Yeti by Molly*, 295 F.3d at 1107).

15          As a preliminary matter, Plaintiff argues that a ruling on this motion in Defendant's favor

16   would be tantamount to dismissal and argues that the Court should apply the factors set forth in

17   *Wanderer v. Johnston* to determine whether exclusion of this evidence is an appropriate sanction.

18   910 F.2d 662, 656 (9th Cir. 1990).  In contrast to this case, however, in *Wanderer*, the district

19   court entered a default judgment as a sanction for "flagrant discovery violations" by the

20   defendants.  *Id.* at 653.  The Ninth Circuit stated that it had "fashioned a set for factors for the

21   district court to apply in considering whether a dismissal of default is appropriate as a Rule 37

22   sanction."  *Id.* at 656.  In this case, damages are not an element of Plaintiff's claim.  If the Court

23   precludes Plaintiff from introducing evidence of damages, that ruling would not impact Plaintiff's

24   ability to show the Defendant is liable.  Thus, on the facts of this case, the Court concludes that the

25   *Wanderer* factors are not the appropriate factors to consider.  *Cf. United States v. North East*

26   *Medical Servs.*, No. 10-cv-01904-CW (JCS), 2014 WL 7208627, at *8 (declining to apply

27   *Wanderer* test to preclusion of evidence).

28          Rather, the Court shall consider the following factors: "the prejudice or surprise to the

United States District Court
Northern District of California

2

party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanyard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010); *accord San Francisco Baykeeper v. West Bay Sanitary District*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011) (setting forth factors as: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for [his] failure to disclose the evidence").

The Court begins with Plaintiff's explanation for his failure to disclose this evidence. Rule 26 provides that "[a] party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case…." Fed. R. Civ. P. 26(a)(1)(E). According to the record, Plaintiff had several pre-existing conditions, and he states that he is not attempting to recover damages relating to those conditions. Plaintiff argues that he could not properly calculate damages at the time initial disclosures were due, or before the close of discovery, because "could not know or reasonably determine without the input of a physician which of [Plaintiff's] head and neck symptoms following the incident were due to the incident." (Opp. to MIL no. 1 at 2:11-14.) Plaintiff states that he was concerned that providing a calculation without that information would violate his obligations under Federal Rule of Civil Procedure Rule 11.

Plaintiff has documented some of his efforts to obtain that information during the discovery period. (*Id.* at 2:15-3:17.) Although the Court concludes that Plaintiff did not act in bad faith or willfully, the Court finds that Plaintiff was not diligent at pursuing those efforts. In addition, the Court is not persuaded that Plaintiff could not have made a good faith effort to calculate the compensatory damages suffered as a result of the incident without violating Rule 11. If Plaintiff later determined that initial calculation was inaccurate, Rule 26 expressly provides that

> A party who has made a disclosure under Rule 26 … must supplement or correct its disclosure …:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if

3

United States District Court
Northern District of California

1

2

> the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

3    Fed. R. Civ. P. 26(e)(1)(A).  The Court finds that the fifth factor weighs against permitting

4    Plaintiff to present this evidence.

5            With respect to the first and second factors, Plaintiff argues that Defendant has not been

6    surprised or prejudiced by the failure to provide a calculation of medical expenses.  He also argues

7    that any surprise or prejudice has been cured.  Plaintiff reasons that, with one exception,

8    Defendant's expert will opine that none of the injuries suffered occurred as result of the incident

9    and, therefore, any calculation of damages that Plaintiff could have provided was irrelevant.  The

10   Court disagrees with Plaintiff's reasoning.  The fact that Defendant's expert does not believe that

11   other injuries were incurred as a result of the incident does not render Plaintiff's failure to provide

12   him with a calculation of what damages he is claiming is harmless and does not negate the

13   "surprise" factor.  As Defendant noted, because Plaintiff had not provided him with a specific

14   calculation of damages, Defendant has not had the opportunity to meaningfully challenge that

15   figure.

16           Plaintiff also argues that Defendant has the documents that set forth all the medical

17   expenses he incurred, and that, as a result, the failure to provide a calculation is harmless.  In some

18   instances, that might prove true.  *See, e.g., Mahahraj v. California Bank & Trust,* 288 F.R.D. 458,

19   463 (E.D. Cal. 2013) (finding failure to provide calculation of damages not harmless where

20   defendant had records in its possession and damages related to lost wages and benefits).  In light

21   of Plaintiff's contention that he could not use those documents to provide a calculation of his

22   damages, this argument is not persuasive.  Moreover, in the *Baca* case, *supra*, the court rejected

23   that exact argument, reasoning that "a party cannot avoid its obligation to provide a damage

24   calculation merely by producing records ostensibly containing such information."  *Baca*, 2016 WL

25   234399, at *5-6.

26           Plaintiff also notes that his proposed expert Ms. Grogan has provided a report that sets

27   forth the compensatory damages he will seek, and he notes that Defendant did depose Ms. Grogan,

28

as well as his other expert Dr. David F. Smolins.[1]  At the pretrial conference, Defendant argued that Dr. Smolins did not provide any valuation of damages.  Plaintiff did not refute that argument. The Court has reviewed Ms. Grogan's report and the deposition excerpts submitted by the parties. Ms. Grogan's testimony suggests that she did not determine which of the medical expenses at issue were related solely to the injuries incurred as a result of the incident.  (Docket No. 107, Excerpts of Grogan Deposition at 9:5-18.)  The first and second factors also weigh against permitting Plaintiff to present evidence of damages.

With respect to the third factor, the Court could permit additional time to conduct further discovery and allow Defendant the opportunity to supplement his expert report in light of Plaintiff's recent contentions.  However, that would necessitate a continuance of the trial date and, thus, would necessarily disrupt proceedings in this case.

It is clear that the evidence is important to this case, and Defendant does not contend otherwise.  Thus, that factor favors Plaintiff.  However, the remaining factors weigh in favor of excluding most of the evidence Plaintiff will seek to introduce on the issue of compensatory damages.  Therefore, with the exception of the expenses incurred in connection with treatment at San Francisco General Hospital, pursuant to Rule 37, the Court finds Plaintiff's failure to comply with Rule 26(a)(1)(A)(iii) was neither substantially justified nor harmless.  Plaintiff is precluded from offering any evidence or argument on compensatory damages other than expenses related to treatment at San Francisco General Hospital on the night of the incident.[2]

As to emotional distress damages, the parties have agreed that "Plaintiff is not claiming any mental or emotional injury beyond the normal pain and suffering arising from his neck injury."  (Docket No., Joint Proposed Pretrial Conference Order at 2:17-18.)  In addition, at the pretrial conference, Defendant agreed that Plaintiff could argue for such damages.  However, he argued that Plaintiff should not be permitted to argue for a specific amount.  The Court agrees.  If

---

[1]     The parties deposed each of these witnesses after the deadline to file their motions in limine passed.

[2]     Defendant's expert agreed the treatment at San Francisco General was related to the injuries in question.

Plaintiff intends to offer a specific dollar amount of emotional distress damages, he "'presumably has a basis and a means for arriving at the amount'" he seeks.  *Mahahraj*, 288 F.R.D. at 464 (E.D. Cal. 2013) (quoting *Sandoval v. Am. Bldg. Maint. Indus., Inc.,* 267 F.R.D. 257, 28 (D. Minn. 2007)).  Therefore, although Plaintiff will not be precluded from arguing he should recover emotional distress damages, he may not argue a specific dollar figure to the jury.

For these reasons, the Court GRANTS, IN PART, AND DENIES, IN PART, Defendant's motion in limine to preclude argument or evidence of damages.  The Court notes that Defendant has objected to Plaintiff's witness, Dr. Elaine Chiu, who Plaintiff states will testify on the issue of damages.  (Docket No. 74-2, Plaintiff's Witness List at 5.)  Defendant objects under Federal Rules of Evidence 402 and 403.  Plaintiff shall provide the Court with a proffer of Dr. Chiu's testimony 48 hours before she is scheduled to testify so that the Court may rule on those objections.

**IT IS SO ORDERED.**

Dated:  June 28, 2016

_____

JEFFREY S. WHITE
United States District Judge