UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDIN S. CASTELLANOS,
    Plaintiff,
  v.
JEREMY J. MAYA,
    Defendant.

Case No. 15-cv-00272-JSW

**VOIR DIRE**

## STATEMENT OF THE CASE

On January 9, 2013, Defendant, Officer Jeremy Maya, arrested Plaintiff, Edin Castellanos, for driving under the influence of alcohol. At the time of his arrest, Mr. Castellanos' blood alcohol content was more than twice the legal limit. Mr. Castellanos was transported by Officer Maya to the San Francisco Jail for booking.

Officer Maya asserts that Mr. Castellanos was loud and belligerent and did not comply with his instructions. Mr. Castellanos denies this claim.

At the San Francisco Jail, Officer Maya brought Mr. Castellanos into a holding cell. The parties agree that Mr. Castellanos' hands were handcuffed behind his back when he was in the holding cell. Officer Maya asserts that, inside the holding cell, he seated Mr. Castellanos on a bench with his back to the wall. Officer Maya asserts that when he left the cell, Mr. Castellanos was not injured. When Officer Maya's partner entered the cell, he discovered that Mr. Castellanos sustained a cut to his head.

Mr. Castellanos denies that Officer Maya seated him on the bench and instead asserts that Officer Maya shoved him head-first into the cinderblock wall and then left the cell.

Mr. Castellanos asserts that he was injured as a result of the incident.

1    Mr. Castellanos maintains that Officer Maya used excessive force against him in violation
2    of his Fourth Amendment rights and violated his First Amendment rights under the United States
3    Constitution.  Mr. Castellanos also claims that Officer Maya deliberately lied in his arrest report
4    that Mr. Castellanos was not obeying his orders.
5    Mr. Castellanos was criminally charged with resisting, obstructing or delaying a peace
6    officer in addition to charges for driving under the influence.
7    Officer Maya denies Mr. Castellanos' claims.

**QUESTIONS**

9    1. Have any of you heard or read anything about the case?
10   2. My name is Jeffrey S. White.  Do any of you know me?
11   3. My courtroom deputy is Jennifer Ottolini and my Law Clerks are Daisy Salzman, Rachel
12      Jones, and Kristin Ring.  Do any of you know any of these people?
13   4. The Plaintiff is Edin S. Castellanos.  He is represented by Panos Lagos and Bennett Cohen.
14      a. Are any of you familiar with or do any of you know either Plaintiff or his counsel?
15      b. Have any of you been represented by or had any business dealing with any of either
16         of Plaintiff's attorneys?
17   5. The Defendant is California Highway Patrol Officer Jeremy Maya.  He is represented by
18      Amy W. Lo, who is a lawyer at the Office of the Attorney General for the State of
19      California.
20      a. Are any of you familiar with or do any of you know the Defendant or his counsel?
21      b. Have any of you been represented by or had any business dealings with
22         Defendant's attorney or the Attorney General's Office?
23   6. In addition to Plaintiff and Defendant, the parties may call the following witnesses:
24      **[SLIDE OF WITNESS NAMES]**
25      a. Are any of you familiar with or do any of you know any of the potential witnesses?
26   7. Have any of your immediate family members or a close friend ever been employed in the
27      law enforcement field or with any law enforcement agency, including, but not limited to, a
28      police department, a sheriff's department, a highway patrol department, a department of

2

      corrections or parole, an immigration office, the Federal Bureau of Investigation, the Drug Enforcement Agency, or the Department of Homeland Security?

      a. Is there anything about that relationship, or relationships, that would make it impossible for you to be entirely impartial in this case?

8. Do any of you have an interaction with law enforcement officers as part of your employment?

9. If there were a conflict or disagreement in the testimony of a law enforcement officer and another person, would any of you tend to give any more weight or credibility to the testimony of the law enforcement officer solely based on the fact that the witness is a law enforcement officer?

10. There has been recent publicity about lawsuits and claims of excessive force that have been made against law enforcement officers and agencies. Do any of you have a belief as to whether most of these cases are unfair, unjustified or should not be brought to court?

11. Do any of you believe that it is not fair or right to judge or second guess decisions made by a law enforcement officer while he or she is on the job?

12. Have any of you, an immediate family member, or a close friend ever had any training, work experience, education, personal or volunteer experience in the field of alcohol or drug counseling?

13. Have any of you, an immediate family member, or a close friend ever had a substance abuse problem with alcohol?

      a. What is that person's relationship to you?

      b. Is there anything about that experience that would affect your ability to be a fair and impartial juror in this case?

14. Do any of you have any moral, religious, philosophical or other beliefs against drinking alcohol?

15. Have any of you ever had a significantly negative experience with someone who has had too much alcohol to drink?

16. Have any of you, an immediate family member, or a close friend ever been involved in an

3

|   |     |   |
|---|---|---|
| 1 |     | accident, or near accident, with someone who has been drinking and driving? |
| 2 | 17. | Do any of you, an immediate family member, or a close friend, belong to, donate to, volunteer with, or have some other involvement with any group concerned with drinking and driving or alcohol use, such as Mothers Against Drunk Driving or a similar organization? |
| 6 | 18. | Are there any of you who believe that it is not acceptable to have even one drink before getting behind the wheel to drive? |
| 8 | 19. | Do any of you hold such strong feelings about drinking and driving that you would find it difficult to be a fair and impartial juror in a case where the person suing had been driving under the influence of alcohol? |
| 11 | 20. | In this case, Plaintiff and Defendant will have conflicting testimony as to what has occurred. Have any of you already formed the opinion as to which party is more likely to be truthful or accurate? |
| 14 | 21. | Do any of you feel as though you would be personally impacted by a verdict and damage award against a law enforcement officer? |
| 16 | 22. | Do any of you believe that law enforcement is more important than the protection of a person's constitutional rights? |
| 18 | 23. | Mr. Castellanos is seeking monetary compensation for pain and suffering. Do any of you have any concerns about or opposition to the idea of a person recovering monetary compensation for pain and suffering? |
| 21 | 24. | Have any of you, an immediate family member or close friend ever had a back injury? |
| 22 | 25. | Have any of you, an immediate family member or close friend ever had a neck injury? |
| 23 | 26. | Do any of you, an immediate family member, or a close friend have any medical training? |
| 24 | 27. | Do any of you, an immediate family member, or a close friend have any training in biomechanics or accident reconstruction? |
| 26 | 28. | Do any of you have any such strong feelings about lawsuits brought to recover compensation for a personal injury that it might affect your ability to be a fair and impartial juror in this case? |

29. Do any of you believe there should be a cap or ceiling on the recovery in a personal injury lawsuit?

30. The burden of proof in a civil case is a "preponderance of the evidence" standard, which means you must be persuaded by the evidence that the claim is more probably true than not true, rather than proof beyond a reasonable doubt. Do any of you believe the burden of proof should be higher than a preponderance of the evidence in this case?

31. Is there anything about your life experience, background, attitudes or opinions that you believe the parties should know about that might affect your ability to be a fair and impartial juror in this case?

32. If you are selected as a juror, I will instruct you that you that you are not to communicate with anyone in any way and are not to let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or other electronic means, via e-mail, text messaging, or in or on an Internet chat room, blog, website or other social media. Do any of you believe that you would not be able to follow that instruction?

33. Having heard the questions put to you by the Court, and having heard the responses of other panelists, can any of you think of any other reason as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the Court's instructions to you on the law?

34. Do any of you have anything that you would like to bring to the Court's attention (*e.g.*, health problems, hearing problems, difficulty understanding English, personal bias, financial problems, etc.) that might affect your ability to be an effective, fair and impartial juror in this case?

**IT IS SO ORDERED.**

Dated: July 13, 2016

_____
JEFFREY S. WHITE
United States District Judge