UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIN S. CASTELLANOS,<br><br>    Plaintiff,<br><br>    v.<br><br>JEREMY J. MAYA,<br><br>    Defendant. | Case No. 15-cv-00272-JSW<br><br>**ORDER RULING ON SCOPE OF FIRST AMENDMENT CLAIM AND ON EMOTIONAL DISTRESS DAMAGES** |

Following jury selection, the Court held a further conference with the parties regarding outstanding issues.

**A.    Scope of First Amendment Claim.**

The first issue raised was whether Plaintiff could premise his First Amendment Claim, in part, on the basis that he complained to deputies at the San Francisco County Jail about Defendant's treatment of him at the CHP Office.[1] According to Plaintiff's version of events, Defendant was in close proximity to him at the time he made this statement and shortly thereafter Defendant gratuitously pushed him into the cell and then into the wall. These facts are not included in Plaintiff's First Amended Complaint.

Rather, Plaintiff alleged that "[w]hile placing Plaintiff into the holding cell, [Defendant] administered some level of unnecessary force to which Plaintiff verbally objected and, following which and while Plaintiff was still in handcuffs, [Defendant] needlessly and inappropriately threw Plaintiff towards a wall and bench area (in the holding cell) causing him serious physical injuries."

---

[1] This allegation is separate from a statement that Plaintiff purportedly made to Defendant to the effect of "Hey, I'm already in jail and in handcuffs. You don't have any right to push me like that." Defendant was asked about this statement at his deposition and did not recall Plaintiff making such a statement. (Docket No. 43-5, Deposition of Jeremy Maya at 85:15-20.)

(Docket No. 28, First Amended Complaint ¶ 8, p. 3:20-23.)

When Plaintiff alleged that Defendant violated his First Amendment right to freedom of speech, he alleged that this claim was 'based upon Plaintiff's right to verbally object to [Defendant's] use of unnecessary force (*see* 3:20-23, *supra*) ….' " (*Id.* ¶ 8, p. 4 n.1.) Although that statement is more general, the parenthetical specifically refers the objection to a use of force at the San Francisco County Jail and did not recount incidents that occurred at the CHP Office. In addition, in opposition to Defendant's motion for partial summary judgment, Plaintiff argued that "[t]he evidence in this case (some of which has been admitted by Defendant) confirms free speech was exercised when Plaintiff … verbally objected to an unnecessary pushing of his person while in the holding cell and in handcuffs." (Docket No. 43, Plaintiff's Opp. Br. at 19:12-14.) This argument does not clearly encompass a statement made to someone other than Defendant. In addition, although Plaintiff submitted a declaration in support of his motion for summary judgment, he did not mention that he complained to anyone about Defendant's treatment of him at the CHP office as he was entering the San Francisco County Jail. (*See* Docket No. 43-14, Declaration of Edin Castellanos.)

Under Federal Rule of Civil Procedure 15(a), which governs amendments to pleadings prior to trial, a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The factors the Court must consider are: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,]" and (5) whether the moving party previously amended a pleading. *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal quotations and citations omitted). Each factor is not given equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining … factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Under Rule 15(b), if a party objects at trial "that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. "

2

1    With respect to the Rule 15(a) factors, the Court concludes that Plaintiff has not acted in
2 bad faith, but he did delay in raising these facts as a basis for an amendment to the First
3 Amendment Claim. The facts surrounding this incident have been known to Plaintiff from the
4 inception of this litigation and, thus, could easily have been included in his original complaint and
5 in his amended complaint or in his declaration in opposition to Defendant's motion for summary
6 judgment. The Court concludes that it would not be futile to permit Plaintiff to premise a First
7 Amendment claim on these facts. Thus, under both Rule 15(a) and 15(b), resolution of this issue
8 rests on whether Defendant would be prejudiced by permitting Plaintiff to testify to these facts.

9    The Court HEREBY ORDERS Defendant to provide a brief to the Court outlining how he
10 contends he was prejudiced by Plaintiff's failure to disclose the allegation that he complained to
11 deputies at the San Francisco County Jail about Defendant's treatment of him at the CHP Office
12 prior to the incident in the holding cell. Defendant's response shall be due by 4:00 p.m. on July
13 15, 2016.

**B.    Whether Plaintiff Can Recover "Mental Distress" Damages.**

15    The second issue raised was whether Plaintiff could seek mental distress damages. In his
16 First Amended Complaint, Plaintiff did allege that he suffered mental distress as a result of
17 Defendant's conduct. (FAC, ¶ 8 at p. 4:22.) However, in the parties' proposed Joint Pretrial
18 Conference Order, the parties included a section entitled "Evidentiary and Related Issues on
19 Which The Parties Agree." (Docket No. 74, Joint Pretrial Conference Order at 2:15.) In that
20 section, the parties stated "Plaintiff is not claiming any mental or emotional injury beyond the
21 normal pain and suffering arising from his neck injury." (*Id.* at 2:17-18.) This agreement is also
22 documented in an email exchange between counsel, dated December 31, 2015. (Docket No. 88,
23 Letter Brief at p. 23.) In that exchange, Defendant's counsel stated "[b]ased on your
24 representation during the deposition of Mr. Castellanos that plaintiff does not contend – and will
25 not be seeking damages for mental or emotional injury beyond ordinary emotional distress
26 attendant to his physical injury, I have instructed my paralegal to contact ACE to exclude
27 psychiatric and counseling records from the scope of our subpoenas." (*Id.*) Plaintiff's counsel
28 responded "[y]ou have correctly stated what I said – that Plaintiff Edin Castellanos is not claiming

3

any mental or emotional injury beyond the normal pain and suffering arising from his neck injury. We are not claiming any psychiatric injury of any kind." (*Id.*)

In supplemental briefing about whether the testimony of Kimberly Lutes-Koths should be excluded, and at oral argument, Plaintiff suggested that Ms. Lutes-Koths should be permitted to testify about the "psychological toll" on Plaintiff of the state criminal proceedings. When the Court inquired how such testimony fit within the scope of the parties' agreement, Plaintiff's counsel stated he believed the parties' stipulation was ambiguous and would not preclude him from seeking emotional distress damages from a constitutional wrong.

The Court has reviewed the parties' agreement set forth in the Joint Pretrial Conference Order and the email exchange between the parties. The Court does not find the agreement is ambiguous. If Plaintiff wanted to make an exception for the mental distress associated with his state criminal proceedings or any of the events beyond the pain and suffering arising from his neck injury, he could have noted that. He did not. Therefore, the Court shall preclude any testimony that falls outside the scope of the parties' agreement that Plaintiff will not seek pain and suffering damages beyond the normal pain and suffering arising from his neck injury.

**IT IS SO ORDERED.**

Dated: July 14, 2016

_____
JEFFREY S. WHITE
United States District Judge