UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIN S. CASTELLANOS,<br><br>    Plaintiff,<br><br>    v.<br><br>JEREMY J. MAYA,<br><br>    Defendant. | Case No. 15-cv-00272-JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S ADMINISTRATIVE MOTION RE CALLING DEFENDANT IN PLAINTIFF'S CASE IN CHIEF**<br><br>Docket No. 156 |

On July 15, 2016, Defendant filed an administrative motion in which he seeks to preclude Plaintiff from calling him in Plaintiff's case in chief, because Defendant was not disclosed as a witness on Plaintiff's witness list. In the alternative, Defendant seeks an exception to the Court's general rule that where the parties call the same witnesses, the witnesses be called once for all purposes.

The Court's Guidelines Trials and Final Pretrial Conferences in Civil Jury Cases ("Guidelines") provides, in pertinent part, that the parties must submit:

> each party's separate witness list for its case-in-chief witnesses (including those appearing by deposition) providing, for all such witnesses other than an individual plaintiff and an individual defendant, a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will offer. If non-cumulative testimony is not detailed, the Court will presume the witness is cumulative. *For each witness, state an hour/minute time estimate for both direct and cross examination. The Court uses this information to estimate the time limits to be allocated for trial.*

Guidelines, ¶ 1(vi) (emphasis added).

Contrary to Plaintiff's interpretation, this does require a party to include a plaintiff or defendant in the witness list. It just excuses them from providing a summary of the testimony but

does not exclude that party from providing a time estimate for a plaintiff or a defendant's testimony. As the emphasized language explains, the purpose of the information is to permit the Court to set realistic time limits for trial.

Plaintiff failed to list himself or Defendant as a witness in his case in chief. If Plaintiff was unclear about the Court's requirements, he should have raised this as an issue earlier. However, the Court will permit Plaintiff to call Defendant in his case in chief on the following conditions:

1. The Court will not adjust the time limitations it has already set in this case, based on the estimates set forth by the parties in their witness lists.

2. The Court will permit Defendant to be recalled to testify in his case in chief. In addition, if Defendant wishes to respond to some of Plaintiff's questioning by way of cross-examination during Plaintiff's case in chief, the Court will permit – but not require – him to conduct such an examination.

**IT IS SO ORDERED.**

Dated: July 15, 2016

_____
JEFFREY S. WHITE
United States District Judge

2