UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDIN S. CASTELLANOS,

    Plaintiff,

  v.

JEREMY J. MAYA,

    Defendant.

Case No. 15-cv-00272-JSW

**ORDER DENYING PLAINTIFF LEAVE TO AMEND TO EXPAND SCOPE OF FIRST AMENDMENT CLAIM**

At the pretrial conference, and in subsequent proceedings, Plaintiff argued he should be permitted to amend his First Amendment Claim. The Court ordered Defendant to submit a brief outlining the prejudice he would suffer if the Court granted Plaintiff leave to amend. Defendant has submitted his brief. (Docket No. 160). The Court concludes no further argument from the parties is required. For the reasons set forth in this Order, the Court DENIES Plaintiff leave to amend to expand the scope of the First Amendment Claim.

**BACKGROUND**

The Court has outlined the facts underlying the dispute in this case in several prior orders, and it shall not repeat them here. Plaintiff seeks to amend his complaint to allege, and to present evidence at trial, that he complained to deputies at the San Francisco County Jail ("SF County Jail") about Defendant's treatment of him at the CHP Office.[1] According to Plaintiff's version of events, Defendant was in close proximity to him at the time he made this statement and shortly thereafter Defendant gratuitously pushed him into the cell and then into the wall. These facts are

---

[1] This allegation is separate from a statement that Plaintiff purportedly made to Defendant to the effect of "Hey, I'm already in jail and in handcuffs. You don't have any right to push me like that." Defendant was asked about this statement at his deposition and did not recall Plaintiff making such a statement. (Docket No. 43-5, Deposition of Jeremy Maya at 85:15-20.)

not included in Plaintiff's First Amended Complaint.

Rather, Plaintiff alleged that "[w]hile placing Plaintiff into the holding cell, [Defendant] administered some level of unnecessary force to which Plaintiff verbally objected and, following which and while Plaintiff was still in handcuffs, [Defendant] needlessly and inappropriately threw Plaintiff towards a wall and bench area (in the holding cell) causing him serious physical injuries." (Docket No. 28, First Amended Complaint ¶ 8, p. 3:20-23.)

When Plaintiff alleged that Defendant violated his First Amendment right to freedom of speech, he alleged that this claim was 'based upon Plaintiff's right to verbally object to [Defendant's] use of unnecessary force (*see* 3:20-23, *supra*) …." (*Id.* ¶ 8, p. 4 n.1.) Although that statement is more general, the parenthetical specifically refers to the Plaintiff's objection to an alleged use of force at the SF County Jail. The pages and lines cited in the parenthetical do not recount incidents that occurred at the CHP Office. In addition, in opposition to Defendant's motion for partial summary judgment, Plaintiff argued that "[t]he evidence in this case (some of which has been admitted by Defendant) confirms free speech was exercised when Plaintiff … verbally objected to an unnecessary pushing of his person while in the holding cell and in handcuffs." (Docket No. 43, Plaintiff's Opp. Br. at 19:12-14.) This argument does not clearly encompass a statement made to someone other than Defendant. Although Plaintiff submitted a declaration in support of his motion for summary judgment, he did not mention that he complained to anyone about Defendant's treatment of him at the CHP Office as he was entering the SF County Jail. (*See* Docket No. 43-14, Declaration of Edin Castellanos.)

**ANALYSIS**

Under Federal Rule of Civil Procedure 15(a), which governs amendments to pleadings prior to trial, a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The factors the Court must consider are: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,]" and (5) whether the moving party previously amended a pleading. *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal quotations and citations omitted). Each factor is not given equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice,

or a strong showing of any of the remaining … factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Under Rule 15(b), if a party objects at trial "that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits."

This would not be the first time Plaintiff amended his complaint. Thus, Plaintiff had the opportunity to raise these facts when he filed his First Amended Complaint, but did not do so. This factor weighs against giving Plaintiff leave to amend.

The Court concludes that Plaintiff has not acted in bad faith. Accepting the facts as true, for the sake of argument, Plaintiff states that Defendant was close enough to hear the complaint and, shortly thereafter pushed him into the holding cell wall to against Plaintiff for complaining about Defendant's behavior. The Court concludes it would not be futile to premise a First Amendment Claim on those facts. These two factors weigh in favor of granting leave to amend.

When assessing whether a party unduly delayed in seeking leave to amend, courts focus on "'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading,'" rather than whether the motion to amend was timely filed. *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (citations omitted). However, delay alone is not sufficient to deny leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The facts surrounding this incident have been known to Plaintiff from the inception of this litigation. Thus, he could have included them in his original complaint, in his amended complaint, or in his declaration in opposition to Defendant's motion for summary judgment. Plaintiff also did not mention these facts in his deposition. (*See, e.g.,* Docket No. 160, Def. Brief Ex. A (Deposition

3

of Edin S. Castellanos at 107:7-109:23.)  The Court concludes Plaintiff has unduly delayed in asserting these facts as a basis to support the First Amendment Claim.

As to prejudice, "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).  In that case, the Ninth Circuit affirmed the district court's decision to deny the plaintiff's request for leave to amend to include new domain name registrants, because the motion was filed after defendants had filed a motion for summary judgment and the parties had not conducted discovery on the domain name registrants plaintiff sough to add to the case.

Here, fact discovery closed on January 25, 2016.  Plaintiff first raised this issue at the pretrial conference, on June 20, 2016, a month before trial was set to commence.  Defendant has argued that if he had known that these facts would form a basis of Plaintiff's First Amendment Claim, he would have attempted to find out who was on duty at the time Defendant and his partner brought Plaintiff to the SF County Jail and would have attempted to interview that person.  Defendant also argues that he might have moved for partial summary judgment on this aspect of the claim.  (Def. Brief at 2:6-18, 4:15-27.)  The Court concludes that Defendant has shown that he would suffer substantial prejudice if the Court were to grant leave to amend.  *See Lockheed Martin*, 194 F.3d at 986.

The Court concludes that Plaintiff's undue delay, the resulting prejudice, and the fact that Plaintiff had amended his complaint, weigh against granting him leave to amend.  Therefore the Court DENIES Plaintiff leave to amend his complaint to include these allegations, and Plaintiff shall not present these facts to the jury at trial.

**IT IS SO ORDERED.**

Dated: July 17, 2016

_____
JEFFREY S. WHITE
United States District Judge