UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDIN S. CASTELLANOS,

Plaintiff,

v.

JEREMY J. MAYA,

Defendant.

Case No.15-CV-272    JSW

**FINAL JURY INSTRUCTIONS**

## Table of Contents

Duties of Jury to Find Facts and Follow Law ................................................................. 3

What is Evidence ................................................................................................................ 4

What is Not Evidence ......................................................................................................... 5

Direct and Circumstantial Evidence .................................................................................. 6

Evidence for Limited Purpose ........................................................................................... 7

Credibility of Witnesses .................................................................................................... 8

Stipulations of Fact ............................................................................................................ 10

Deposition in Lieu of Live Testimony .............................................................................. 11

Tests and Experiments ....................................................................................................... 12

Expert Opinion ................................................................................................................... 13

Section 1983 Claims – Introductory Instruction .............................................................. 14

United States District Court
Northern District of California

Section 1983 Claims Against Defendant in Individual Capacity Elements and Burden of Proof .. 15

Burden of Proof – Preponderance of the Evidence ........................................................................ 16

Particular Rights – First Amendment – Citizen Plaintiff ................................................................ 17

Particular Rights – Fourth Amendment –Unreasonable Seizure of Person – Excessive Force ...... 18

Particular Rights - Fourteenth Amendment - Due Process - Deliberate Fabrication of Evidence .. 20

Damages – Proof ............................................................................................................................... 21

Proximate Cause ............................................................................................................................... 22

Nominal Damages ............................................................................................................................. 23

Punitive Damages ............................................................................................................................. 24

Duty to Deliberate ............................................................................................................................ 25

Consideration of Evidence – Conduct of the Jury ........................................................................... 26

Use of Notes ..................................................................................................................................... 27

Evidence in Electronic Format ......................................................................................................... 28

Communication with Court .............................................................................................................. 29

Return of Verdict .............................................................................................................................. 30

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Duties of Jury to Find Facts and Follow Law**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.  A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

United States District Court
Northern District of California

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Evidence for Limited Purpose**

Some evidence was admitted for a limited purpose only.

If I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

United States District Court
Northern District of California

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case, if any,

5.   the witness's bias or prejudice, if any;

6.   whether other evidence contradicted the witness's testimony;

7.   the reasonableness of the witness's testimony in light of all the evidence; and

8.   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

The testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating the officer's credibility you should use the same guidelines which you apply to the testimony of any witness.  You should not give either greater or lesser

8

1    credence to the testimony of a witness merely because he or she is a law enforcement officer.

United States District Court
Northern District of California

**Stipulations of Fact**

The parties have agreed to certain facts that were placed in evidence as an exhibit or that were read to you.  You must therefore treat these facts as having been proved.

**Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Manuel Luna, M.D., was taken on April 20, 2016.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**Tests and Experiments**

A test or experiment was conducted.

You observed the conditions under which that test or experiment was made.  These conditions may or may not duplicate the conditions and other circumstances that existed at the time and place of the incident involved in this case.

It is for you to decide what weight, if any, you give to the test or experiment.

United States District Court
Northern District of California

**Expert Opinion**

You have heard testimony from witnesses who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

1

**Section 1983 Claims – Introductory Instruction**

2      The plaintiff brings his claims under the federal statute, 42 U.S.C. section 1983, that

3  provides that any person or persons who, under color of state law, deprives another of any rights,

4  privileges, or immunities secured by the Constitution or laws of the United States shall be liable to

5  the injured party.

6      In the preliminary instruction on the parties' claims and defenses, I instructed you that

7  plaintiff claims that his constitutional right to be free from excessive force and right to freedom of

8  speech were violated.  These claims are premised on his allegation that the defendant propelled

9  him head first into the holding cell wall and that defendant did so because plaintiff verbally

10  objected to defendant's push of him while handcuffed and while on his way into the holding cell.

11  The plaintiff also claims that the defendant deliberately lied about plaintiff's behavior in his arrest

12  report, causing the plaintiff to be criminally charged with resisting, delaying or obstructing a peace

13  officer in violation of California Penal Code section 148(a).

14      As I previously instructed you, the defendant denies each of plaintiff's claims and contends

15  that he acted appropriately at all times.

16      I will now give you instructions on the elements of plaintiffs' Section 1983 Claims.

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**Section 1983 Claims Against Defendant in Individual Capacity Elements**

**and Burden of Proof**

In order to prevail on his Section 1983 claims against the defendant, Jeremy Maya, the plaintiff, Edin Castellanos, must prove each of the following elements by a preponderance of the evidence:

First, the defendant acted under color of state law.  A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The parties have stipulated that the defendant acted under color of state law.

Second, the acts of the defendant deprived the plaintiff of his particular rights under the laws of the United States Constitution as explained in later instructions.

If, for a particular right at issue, you find that the plaintiff has proved each of these elements and the elements he is required to prove under the following instructions:

1.     Particular Rights – First Amendment – Citizen Plaintiff; or

2.     Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Excessive Force; or

3.     Particular Rights – Fourteenth Amendment – Due Process – Deliberate Fabrication of Evidence;

your verdict should be for the plaintiff on that particular right.

If, on the other hand, the plaintiff has failed to prove one or more of these elements on a particular right, your verdict should be for the defendant on that particular right.

**Burden of Proof – Preponderance of the Evidence**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court
Northern District of California

United States District Court
Northern District of California

**Particular Rights – First Amendment – Citizen Plaintiff**

As previously explained, plaintiff has the burden to prove that the acts of the defendant deprived plaintiff of particular rights under the United States Constitution.  In this case, plaintiff alleges that the defendant deprived him of his rights under the First Amendment.

Under the First Amendment, a citizen has the right to free expression.  In order to prove that defendant deprived plaintiff of this First Amendment right, plaintiff must prove the following additional elements by a preponderance of the evidence:

1.      plaintiff engaged in speech protected under the First Amendment;

2.      defendant took action against plaintiff; and

3.      plaintiff's protected speech was a substantial or motivating factor for defendant's action.

A substantial or motivating factor is a significant factor.

**Particular Rights – Fourth Amendment –Unreasonable Seizure of Person – Excessive Force**

The Fourth Amendment, which is part of the Constitution, provides in relevant part, "[t]he right of the people to be secure in their persons … against unreasonable searches and seizures shall not be violated."  In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force against that person under the circumstances.  Thus, in order to prove an unreasonable seizure in this case, plaintiff must prove by a preponderance of the evidence that defendant used excessive force against him at the San Francisco County Jail.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of reasonable officer on the scene and not with the 20/20 vision of hindsight.  An officer's intent or motive is not relevant to your inquiry.  A police officer is not required to use the least intrusive degree of force possible as long as the force actually used was reasonable.

Every use of force by an officer must be justified separately.  That an initial use of force is justified does not mean that a subsequent use of force is justified.

In determining whether defendant used excessive force against plaintiff in this case, consider all of the circumstances known to defendant on the scene, including:

1. the severity of the crime or other circumstances to which the defendant was responding;

2. whether the plaintiff posed an immediate threat to the safety of the defendant or to others;

3. whether the plaintiff was actively resisting;

4. the amount of time and any changing circumstances during which the defendant had to determine the type and amount of force that appeared to be necessary;

5. the type and amount of force used;

6. the availability of alternative methods to meet the defendant's legitimate law enforcement purpose;

7. the relationship between the need for the use of force and the amount of force used;

United States District Court
Northern District of California

1          and

2     8.    whether or not the defendant's conduct was rationally related to a legitimate

3          governmental purpose or was excessive in relation to that purpose.

**Particular Rights - Fourteenth Amendment - Due Process - Deliberate Fabrication of Evidence**

As previously explained, the plaintiff has the burden to prove that the acts of the defendant deprived the plaintiff of particular rights under the United States Constitution.  The Fourteenth Amendment protects against being subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the defendant.  In this case, the plaintiff alleges the defendant deprived him of his right to due process under the Fourteenth Amendment to the Constitution.

In order for the plaintiff to prevail on his claim of deliberate fabrication of evidence, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.      The defendant fabricated evidence that was used to bring criminal charges against the plaintiff.

2.      The defendant fabricated the evidence despite the fact that he knew or was deliberately indifferent to the plaintiff's innocence, and the evidence was used to criminally charge the plaintiff.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.

**Damages – Proof**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on his claims, you should determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was proximately caused by the defendant.  In this case, plaintiff seeks damages for the pain and suffering arising from the physical injury or injuries he claims were caused by the defendant.  You should consider the following:

1.     The nature and extent of plaintiff's physical injuries;

2.     The nature and extent of plaintiff's pain and suffering.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

United States District Court
Northern District of California

**Proximate Cause**

Proximate cause exists where an act or omission played a substantial part in bringing about or actually causing the injury or damage to plaintiff.

**Nominal Damages**

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

1

**Punitive Damages**

2          If you find for the plaintiff, you may, but are not required to, award punitive damages.  The

3    purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

4    Punitive damages may not be awarded to compensate a plaintiff.

5          The plaintiff has the burden of proving by a preponderance of the evidence that punitive

6    damages should be awarded and, if so, the amount of any such damages.  If you find that plaintiff

7    has met his burden to show punitive damages should be awarded, I will provide you with

8    additional instructions on how to set the amount of such damages.

9          You may award punitive damages only if you find that the defendant's conduct that

10    harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  In

11    this case, the conduct at issue is Plaintiff's allegation that the defendant propelled him head first

12    into the holding cell wall and that defendant did so because plaintiff verbally objected to

13    defendant's push of him while handcuffed and while on his way into the holding cell, and

14    plaintiff's claim that the defendant deliberately lied about plaintiff's behavior in his arrest report,

15    causing the plaintiff to be criminally charged with resisting, delaying or obstructing a peace officer

16    in violation of California Penal Code section 148(a).

17          Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of

18    injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the

19    circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the

20    defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under

21    federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise

22    violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or

23    abusing authority or power or by taking advantage of some weakness or disability or misfortune of

24    the plaintiff.

25

26

27

28

**Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

### Consideration of Evidence – Conduct of the Jury

2      Because you must base your verdict only on the evidence received in the case and on these

3 instructions, I remind you that you must not be exposed to any other information about the case or

4 to the issues it involves.  Except for discussing the case with your fellow jurors during your

5 deliberations:

6      Do not communicate with anyone in any way and do not let anyone else communicate with

7 you in any way about the merits of the case or anything to do with it.  This includes discussing the

8 case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet

9 chat room, blog, website or social media application.  This applies to communicating with your

10 family members, your employer, the media or press, and the people involved in the trial.  If you

11 are asked or approached in any way about your jury service or anything about this case, you must

12 respond that you have been ordered not to discuss the matter and to report the contact to the court.

13      Do not read, watch, or listen to any news or media accounts or commentary about the case

14 or anything to do with it; do not do any research, such as consulting dictionaries, searching the

15 Internet or using other reference materials; and do not make any investigation or in any other way

16 try to learn about the case on your own.

17      The law requires these restrictions to ensure the parties have a fair trial based on the same

18 evidence that each party has had an opportunity to address.  A juror who violates these restrictions

19 jeopardizes the fairness of these proceedings, and a mistrial could result that would require the

20 entire trial process to start over.  If any juror is exposed to any outside information, please notify

21 the court immediately.

22

23

24

25

26

27

28

United States District Court
Northern District of California

**Use of Notes**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

**Evidence in Electronic Format**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment and how to locate and view the exhibits on the computer.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the Courtroom Deputy.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the Courtroom Deputy signed by your presiding juror or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands on maintenance or instruction, a court technician may enter the jury room with the Courtroom Deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Return of Verdict**

A verdict form has been prepared for you.  After you have reached unanimous agreement

on a verdict, your presiding juror should complete the verdict form according to your

deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the

courtroom.

**IT IS SO ORDERED.**

Dated: August 1, 2016

_____

Jeffrey S. White
United States District Judge